Louis B. Heller, J.
In this action to foreclose a mechanic’s lien the defendants Ellar Estates Corp., Rosenberg and Rosen move for an order pursuant to CPLR 3212 granting summary judgment in favor of such defendants, dismissing the complaint as to them and directing the cancellation and discharge of the mechanic’s lien filed by the plaintiff.
Briefly, the facts reveal that the defendant Ellar Estates Corp., the owner of the subject premises, entered into a lease with the defendants G-oldstein and Schwartz pursuant to which the owner leased a portion of the building to be erected by it to the tenants for a restaurant and catering business. The tenants by the terms of the lease were to renovate and adapt the demised premises for the purposes leased. The lease was then assigned to the defendant Topaz Associates, Ltd., a corporation formed by them to take over the leasehold.
The lease specifically provides that anyone performing work or furnishing the materials towards the creation of the restaurant was to look to the tenant for payment and that the work was to be completed free of any mechanics ’ liens. The tenant further covenanted and agreed to cause the immediate removal of any liens filed.
On April 7, 1965 the plaintiff for the purpose of inducing the defendant tenant to enter into a contract, wrote a letter of intent to the defendant Topaz Associates, Ltd., setting forth the cost of the work to be performed by them to adapt the premises for its use and stated ‘ ‘ All conditions in Topaz Ass. lease with the landlords will be incorporated in contract
Accordingly, on May 10,1965 Topaz and plaintiff entered into a formal contract pursuant to which the plaintiff agreed to *163 assume all of the obligations of the tenant with respect to the performance of the work. This assumption is clearly expressed in paragraphs 1, 2, 5 and 27 of the contract as well as the preamble to the contract, the pertinent portions of which are as follows:
“ wheebas it is the intention of the parties that Hauser shall construct said building to be erected * * * and Hauser shall assume all the obligations in connection with the construction work which is the obligation of Topaz under the aforesaid lease dated March 25, 1965. ’ ’
“ 2. Without in any way limiting the foregoing, Hauser shall and does hereby assume any and all obligations in connection with said construction work contained in paragraphs 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 65, 66, 67, 68, 69, 74, 77 and 80 of the aforesaid agreement of lease dated March 25,1965.”
“ 27. In connection with the construction as provided for herein, wherever the agreement of lease aforementioned prohibits any clause in the agreement, it shall be deemd deleted therefrom, and wherever the agreement of lease aforesaid requires a specific term or promise to be included on the part of the tenant, it shall be deemed incorporated herein * * *.
Particular attention is called to the provisions of the agreement of lease aforesaid which contains obligations and liabilities that Topaz has assumed towards Ellar. Bach and every of such obligations and liabilities which are in any manner applicable to the work covered by this agreement is hereby assumed by Hauser ”.
Section 34 of the Lien Law permits a contractor, etc., by express agreement in writing to specifically waive his right to file a lien. The waiver under all circumstances must be clear, unequivocal and unambiguous (Cieri Constr. Corp. v. Gramercy Constr. Corp., 13 A D 2d 901).
Accordingly, the question is whether under the facts presented a waiver of the right to file the mechanic’s lien contained in the contract is valid and binding and prevents the foreclosure of the lien filed contrary to the provisions of the contract. An examination of the contract and lease in the light of the foregoing clearly demonstrates the intention of the parties to the contract that the plaintiff was to assume the responsibilities of the defendant tenant relative to the construction paragraphs of the lease and any claims for the work to be performed. Hot only was the lease referred to generally but specifically incorporated in the contract.
Plaintiff clearly obligated itself to look solely to the tenant for payment of the work performed and the materials furnished and that “neither landlord nor the demised premises shall, *164 under any circumstances be liable ” and that the work thereunder was to be completed “ free and clear of all mechanic’s or other liens ’ ’.
Not only did plaintiff assume to do the work free of liens but it further agreed to remove “ any mechanic’s or other liens filed by any contractor The assumption of these obligations was tantamount to an original and specific undertaking on the part of the plaintiff not to file a lien against the premises nor to look to anyone other than Topaz for payment.
To permit it to file such lien would be in direct conflict and violation of its covenants under the contract and clearly inequitable. One cannot use an agreement to obtain rights and at the same time disregard the conditions under which such rights were granted (Cieri Constr. Corp. v. Gramercy Constr. Corp., supra; Hutchinson Roofing & Sheet Metal Co. v. International Business Mach. Corp. 237 N. Y. S. 2d 582; Bronxville-Yonhers Corp., v. Bronxville Gardens Co-op. Apts. Corp., 142 N. Y. S. 2d 893).
The authorities cited by the plaintiff are inapposite in their facts and clearly distinguishable in law. Accordingly, the motion is granted.