Harold Birns, J.
The plaintiff’s motion for summary judgment is granted, and the defendant’s cross motion for summary judgment is denied. Insufficient evidence is submitted from which it might be concluded that time was of the essence. By the terms of the agreement between the parties hereto, dated April 21,1964, it does not appear to be essential that the plaintiff was required to make payment by June 15, 1964, on the bills it guaranteed. Under the contract it appears that the defendant was content with the recitation that this performance occur by a certain date; however, the contract by its terms does not express that time or that a particular date was of the essence. “It is sometimes said that the time for the payment of money is not as essential as the time for other performance ” (Williston, Contracts [Rev. ed.], § 848). As a matter of fact, it is not disputed that within a week after the due date of June 15, 1964, the defendant did receive from the G-rayson-Robinson Stores, Inc., the moneys due it.
In this action, plaintiff sues for $601.39, the fee it claims for its guarantee of payment of certain invoices rendered to the Grayson-Robinson Stores, Inc., by defendant. Defendant asserts that plaintiff’s failure to comply with the provisions of its agreement, which required plaintiff to pay by June 15 all bills it submitted to Grayson-Robinson Stores, Inc., and which were not paid by June 10, 1964, precludes recovery.
Paragraph 6 of the agreement provides: “industrial shall pay to daisy on june 15, 1964, all unpaid bills by graysonrobinson as provided for and in accordance with this agreement that have not been paid by grayson-robinson on or before june 10, 1964 and shall simultaneously execute and deliver to industrial in form approved by industrial an unrestricted and unconditional assignment of each and every bill so paid by industrial and shall also deliver to industrial all documents, memos, credits and other papers and records dealing with and pertaining to each such bill.”
*106 It is apparent that the word Daisy was omitted in the said paragraph 6 immediately preceding the phrase “ shall simultaneously execute and deliver ’ etc.
To determine whether plaintiff was in default in not tendering payment of the moneys owed by Grayson-Robinson to defendant under the guarantee, it is necessary to construe paragraph 6. The defendant argues that the plaintiff’s obligation was absolute and that its failure to pay under the guarantee precludes recovery herein. The plaintiff argues that payment under the guarantee was conditioned upon its first receiving from defendant “unrestricted and unconditional assignment of each and every bill so paid ”, etc., by plaintiff.
Almost two centuries ago, the rule was enunciated that in bilateral contracts for an agreed exchange of performances, even though the promises are in form absolute, the law regards them as constructively conditioned in order to avoid an unjust result (Goodisson v. Nunn, [1792] 4 T. R. 761; Kingston v. Preston, [1773] 2 Doug. 689). The modern view is no different (Restatement, Contracts, § 276, subd. [a]). However, “if by the contract one is to be performed first in time, that performance is as much a condition precedent to the other’s duty as though expressly made so ” (Simpson, Contracts [1st ed.], p. 418; Restatement, Contracts, § 269). “It is the order of time of performance, then, in contracts for an agreed exchange which determines whether performances are mutually conditional * * *, or whether one is conditioned upon the other ” (Simpson, Contracts, [1st ed.], p. 419). Thus if it is found that one party’s performance is to be rendered prior in time to that of another, it is a constructive condition precedent to the other’s duty (Tipton v. Feitner, 20 N. Y. 423).
Though plaintiff had the duty under its guarantee to make payment to the defendant on Grayson-Robinson’s failure or default to pay its bills to the defendant, plaintiff would not actually or accurately know what sums were required of it under its guarantee until defendant submitted to it the said assignments of the bills for which it claimed payment was not received. That such submission is to be a condition precedent to plaintiff’s obligation to make payment is strengthened by examination of paragraph 2 of the said agreement. Thereby it is provided: ‘ ‘ daisy shall deliver to industrial as a condition for the guarantee of any bill the invoices when rendered covering the shipment of the merchandise to grayson-robinson ; a true copy of the bill covering such shipment and the original of the delivery receipt of such merchandise; which delivery receipt *107 shall be signed by grayson-bobinson showing delivery of said merchandise on or before May 19,1964. ’ ’
Therefore, it appears that the failure of the defendant to first deliver to plaintiff the said unrestricted and unconditional assignments excused the plaintiff from making the payments demanded under its guarantee. Under these circumstances there appears to be no triable issue of fact as to plaintiff’s claim for its 5% fee, and accordingly the plaintiff is entitled to its motion for summary judgment, and accordingly the defendant’s cross motion for summary judgment is denied.