BARBARA GUTILLO, Appellant, v. DAVID J. GUTILLO, Respondent.

Fourth Department, October 31, 1968.

*Raymond V. Wylegala* for appellant.
*William Casilio* for respondent.

DEL VECCHIO, J. This Family Court proceeding was instituted by the wife on December 20, 1966 to enforce the support provisions of a Mexican divorce decree granted on June 28, 1966, which incorporated the terms of a prior separation agreement requiring the husband to pay $56 per week for the support of his wife and child. The husband filed a cross petition seeking downward modification of the foreign decree upon the ground that there had been a change of circumstances since entry of the decree. The court directed that an investigation of the financial situation of the parties be conducted by the Erie County Probation Department which delivered a report of the investigation, including a recommendation that the support provision be decreased from $56 per week to $25 per week, to the Family Court Judge. At the hearing on the petitions no proof was offered by either party. The court dismissed the cross petition of the husband for modification but reduced the support obligation to $25 per week " on the petition for enforcement of support ".

Two questions are presented by the wife's appeal: (1) Whether Family Court had jurisdiction to reduce the support provision of the Mexican decree in this proceeding instituted by the wife to enforce the decree, and (2) Whether the court could properly make the reduction based solely upon the report of the investigation conducted by the Probation Department.

As regards jurisdiction: There can be no doubt since the decision of the Court of Appeals in *Matter of Seitz* v. *Drogheo* (21 N Y 2d 181) (which was handed down only a few days prior to the decision of the instant case) that Family Court has the authority both to enforce and to modify support provisions included in foreign divorce decrees, as well as those included in judgments of Supreme Court. The Family Court Act confers the powers of enforcement and modification both as to provisions requiring support for children and as to those directing payment of alimony for a wife (§ 461, subd. [b] ; § 466, subd. [c]).

At the hearing the wife's counsel argued that the husband had no standing to request modification of the decree and that no such modification could be made in the wife's proceeding for enforcement. In a purported attempt to present squarely on appeal the question of Family Court's power to modify as part of an enforcement proceeding, the Family Court Judge dismissed the husband's cross petition for modification and

made the reduction in support as part of the wife's enforcement proceeding. This was clearly error. There can be no doubt that a husband, as well as a wife, may file a petition for modification of a decree under the Family Court Act, and — the husband having filed such a petition in the present case — the court should not have dismissed the petition simply to create a question for appeal which in fact is not presented by the case at bar. It is not necessary for this court now to decide whether Family Court may modify a support provision in a proceeding for enforcement thereof when no application for modification has been made. The husband did request reduction and, in that circumstance, the court clearly had jurisdiction to grant the relief requested.

As regards the sufficiency of the Probation Department report to support the modification of the decree: The Family Court Act itself conditions the power of modification upon a showing that a subsequent change of circumstances requires such modification (§ 461, subd. [b]; § 466, subd. [c]). The burden of establishing such a change rests upon the party seeking the reduction (*Gagliardi* v. *Gagliardi,* 18 A D 2d 788; *Matter of Schwartz* v. *Schwartz,* 23 A D 2d 204). The husband offered no proof to satisfy this burden but, over the objection of the wife's counsel, the court treated the Probation Department report as '' legal evidence '' and used it as the foundation for its decision to reduce support required of the husband. We do not believe the report may be so regarded. It is based upon hearsay and presented no opportunity to cross-examine either the investigator or the persons who furnished the information contained therein. Such a report may be used to furnish leads for the introduction of common-law evidence and to provide avenues of inquiry of witnesses called during the course of the hearing. It may not however substitute as evidence and form the basis for the court's decision in the absence of a stipulation to that effect by the parties. (*Kesseler* v. *Kesseler,* 10 N Y 2d 445, 452; *Matter of Johnson* v. *Johnson,* 21 A D 2d 256.)

Since the record is, as a matter of law, too scant to serve as the basis for modification, the order should be reversed and the matter remanded for a hearing at which competent evidence may be offered by the parties on the issue of change of circumstances (*Schaschlo* v. *Taishoff,* 2 N Y 2d 408).

BASTOW, P. J., WILLIAMS, MARSH and WITMER, JJ., concur.

Order unanimously reversed, without costs, and matter remitted to Erie County Family Court for further proceedings in accordance with the opinion by DEL VECCHIO, J.