SUZANNE KING, Respondent, v. BURT SCHULTZ, Appellant.—

Concur — Kupferman, McNally and Tilzer, JJ.; McGivern, J. P., and Nunez, J., dissent in part in the following memorandum by Nunez, J.: I would reduce the award to plaintiff by the sum of $2,400, representing the difference of $150 per month for 16 months during which period defendant was paying her $350 per month, pursuant to an order of the Family Court, instead of $500 per month as provided for in the separation agreement. Clearly, since the separation agreement was not merged in the subsequently obtained Mexican decree of divorce, it is binding and "will be enforced like other agreements unless impeached or challenged for some cause recognized by law." (*Goldman* v. *Goldman,* 282 N. Y. 296, 300.) But parties can expressly modify an agreement (see, General Obligations Law, § 15-301) or a wife, by accepting support payments without objection, can waive the formality of a modification agreement (see *Yourth* v. *Boggs,* 33 A D 2d 549). So too, the doctrines of waiver and estoppel are recognized as proper challenges to the enforcement of contracts. Whatever may have been the power of the Family Court to reduce the support payments to $350 per month, both parties submitted to its jurisdiction and abided by the terms of its order entered on January 30, 1969 decreeing the reduction of payments. No appeal was taken therefrom. Instead, plaintiff accepted payments made by defendant in the reduced amount, without objection, and defendant fulfilled his obligation thereunder. Plaintiff's conduct therefore must be deemed to constitute an effective waiver, or as erecting an estoppel, which prevents her from insisting upon the full $500 per month in this action which was not commenced until March, 1970. Hence, insofar as the reduced payments made pursuant to the order of the Family Court are concerned, plaintiff should have been denied recovery of the

difference between those payments (accepted without demur) and the payments stipulated in the separation agreement. Plaintiff's judgment should accordingly be decreased in that amount, and otherwise affirmed.