Jambs Gibson, J.
The defendant husband moves to amend a judgment of divorce by reducing the support payments to be made thereunder for the benefit of the plaintiff wife and the parties’ children, the application being made on the ground of the wife’s fraud in the procurement of the separation and support agreement embodied in the judgment, and, apparently, on the further ground of a change in the parties’ financial circumstances.
The parties entered into the separation agreement under date of June 1,1972, whereby the husband agreed to make payments, in the amounts thereby fixed, for the support of the wife and the children. The judgment of divorce was signed on August 29, 1972, whereby it was, among other things, provided “ that the terms and provisions of the Separation Agreement signed by the plaintiff on the 1st day of June, 1972, and by the defendant on the 20th day of June, 1972, are incorporated and made a part of this Decree ”; the support payments were not specified in the judgment or otherwise alluded to except by this reference to the *806 agreement; there was no explicit provision that the agreement should survive the judgment; but by supplemental agreement, made December 1, 1972, and thus postdating the judgment, the separation agreement was modified so as to provide for the treatment of certain United States bonds registered in the names of the parties’ children jointly with other persons.
Upon an application of this nature addressed to a judgment, the courts will not direct a revision downward* of support payments having a contractual basis predating the judgment and surviving it. The threshold issue, then, is whether the agreement has survived the judgment, absent any express provision that it shall, but that issue cannot be determined upon a motion of this kind. The question is one of intent; and “ whether the parties intended that the [judgment] should operate as a merger of the separation agreement and bar its survival of the decree is an issue of fact which should only be determined upon a trial ’ ’. (Sureau v. Sureau, 280 App. Div. 927, affd. 305 N. Y. 720; and, see, Haboush v. Haboush, 56 Misc 2d 666, 669.)
In Goldman v. Goldman (282 N. Y. 296, 305) the court pointed out ‘ ‘ that the direction of the court tha/t the defendant shall pay to the plaintiff a sum less than he agreed to pay does not relieve the defendant of any contractual obligation. The direction of, the court may be enforced in manner provided by statute and the plaintiff may still resort to the usual remedies for breach of a contractual obligation if there has been such breach ”; and in McMains v. McMains (15 N Y 2d 283, 284—285) it was held that a separation agreement “ does not prevent a later modification increasing the alimony when it appears not merely that the former wife wants or by some standards should have more money but that she is actually unable to support herself on the amount heretofore allowed and is in actual danger of becoming a public charge ”, and in that case the court announced as parallel and congruent rules: ‘ ‘ first, that support agreements covered into divorce judgments are valid and binding until set aside for ab initio invalidity (Galusha v. Galusha, 116 N. Y. 635; Winter v. Winter, 191 N. Y. 462; Schmelzel v. Schmelzel, 287 N. Y. 21, supra); second, that subsequent decree modifications leave the prior nonmerged support contract still in existence qua contract (Goldman v. Goldman, 282 N. Y. 296, supra, and Holahan v. Holahan, 274 App. Div. 846, affd. 298 N. Y. 798) ”. (And, see, King v. Schultz, 29 N Y 2d 718.)
Motion denied, with $20 costs.

 Revisions upward may be directed, of course, if the public interest shall so require.