■ In the Matter of BARBARA SMUTNY, Respondent, v. RUDOLF SMUTNY, JR., Appellant.— Appeal from an order of the Family Court, Nassau County, entered March 28, 1973, which (1) denied appellant's petition to modify, with respect to the award of alimony and child support, a judgment of the Supreme Court, Nassau County, dated August 19, 1970, which granted appellant a divorce, and (2) granted respondent's petition to enforce the judgment. Order modified, on the law, by striking therefrom the decretal provision which states that appellant's "application to modify is denied". As so modified, order affirmed, without costs, and appellant's proceeding remitted to the Family Court for a hearing and a new determination thereon. After living apart for more than two years after the granting of a judgment of separation, appellant was granted the judgment of divorce on August 19, 1970. The following provision is contained in the judgment: "in addition to the amounts provided herein for the support and maintenance of the Defendant [respondent here] and two children, the Plaintiff [appellant here] will pay to the Defendant an amount equal to one-third of his gross income in excess of $25,000 annually." There is no mention in the record of any separation agreement between the parties; nor does the judgment of divorce refer to the incorporation of any

prior agreement or decision. On July 28, 1972, respondent moved in the Family Court to enforce the judgment, based primarily on a claim that appellant had not complied with the above provision or supplied certain required income statements. On August 2, 1972, appellant moved for a downward modification of the judgment, alleging, *inter alia,* a change in circumstances. At the conclusion of hearings on the matter, the attorneys for the respective parties agreed that appellant was in arrears to the extent of $55,246. We affirm that part of the order of the Family Court which granted enforcement of the judgment (the order directed appellant to pay respondent $225 per week, $140 allocated for her support and $42.50 for each child) and directed appellant to pay the arrears in installments. However, appellant's petition to modify the judgment of the Supreme Court should also have been granted to the extent of directing that a hearing be held thereon. Since the provision sought to be modified is part of the judgment of divorce, the Family Court may properly pass upon the question (Domestic Relations Law, § 236; *McMains* v. *McMains,* 15 N Y 2d 283, 287) and the Family Court may take into consideration the financial position of the parties as of the time the provision was written and the subsequent change in appellant's annual income. Hopkins, Acting P. J., Munder, Latham, Shapiro and Brennan, JJ., concur.