Susan B. Schiller, Appellant, v. Leon Mann, Respondent.— In a proceeding pursuant to section 240 of the Domestic Relations Law to increase child support provisions of a judgment of divorce, petitioner appeals from so much of an order of the Family Court, Westchester County, dated August 23, 1973 and made after a hearing, as relieved respondent of his obligations, under a certain agreement dated July 27, 1970, (1) to pay, as additional support for the parties' two children, an amount determined by a mathematical formula based upon increases in his income and (2) to pay for psychiatric services for the parties' child Eric. Order reversed insofar as appealed from, on the law, without costs, and the following provision is added to the order: " Amounts payable, if any, by the respondent as additional child support pursuant to the agreement of the parties dated July 27, 1970 due to an increase in his income shall be reduced by the amount by which the court-established figure for child support exceeds the figure for child support agreed to by the parties in the above-mentioned agreement of July 27, 1970." On January 2, 1968 respondent and appellant entered into a separation agreement which was incorporated into but not merged in a sister-State judgment of divorce dated

January 23, 1968. By the pertinent terms of the agreement and the judgment of divorce, appellant was given custody of the parties' two chidren, alimony of $60 per week and child support of $40 per week per child. In 1970 she instituted a proceeding pursuant to article 4 of the Family Court Act to compel respondent to increase payments of alimony and child support, apparently on the theory of changed circumstances, as his income had increased threefold. During the pendency of that proceeding the parties entered into an agreement, dated July 27, 1970, for discontinuance of that proceeding and modification of the 1968 separation agreement *inter alia* by obligating respondent to pay (1) 6.25% of any yearly income in excess of $37,500 for each child as additional child support and (2) up to $480 per year for psychiatric services for the parties' child Eric. Thereafter in April, 1973 appellant commenced the instant proceeding, in the Supreme Court, Westchester County, seeking an upward modification of the judgment of divorce so as to provide for increased child support payments. The proceeding was referred to the Family Court, Westchester County, for determination pursuant to section 466 of the Family Court Act. On August 23, 1973, after a full hearing, the order under review was made. *Inter alia*, it (1) modified the provisions of the judgment of divorce by increasing the child support allowance to $70 per week per child until July 1, 1974 and to $75 per week per child thereafter and (2) relieved respondent of his obligations, voluntarily assumed in the 1970 agreement, to pay, for each child, 6.25% of any yearly income in excess of $37,500 and to pay up to $480 per year for psychiatric services for Eric. The court was without power to modify the terms of the parties' amended separation agreement, which stood unimpeached and nonmerged in any judgment or court decree (*Goldman* v. *Goldman,* 282 N. Y. 296; *Stoddard* v. *Stoddard,* 227 N. Y. 13; *Stillman* v. *Stillman,* 20 A D 2d 723). However, minor children are not parties to a separation agreement executed by their parents and the courts therefore are free to make provisions for their support as justice requires (*Riemer* v. *Riemer,* 31 A D 2d 482; *Moat* v. *Moat,* 27 A D 2d 895; *Kulok* v. *Kulok,* 20 A D 2d 568). This rule was intended to free children from the deleterious effects of an improvident agreement and not, as would be the effect here, to deprive them of a benefit voluntarily assumed by a contracting parent. The rationale for the rule of freeing children, noncontracting parties, from the improvident contracts of their parents loses its vigor when it is attempted to be applied in such a manner as to free the parents, the contracting parties, from their voluntary obligations. Shapiro, Acting P. J., Cohalan, Christ, Benjamin and Munder, JJ., concur.