■Stephen Smyk, J.
The plaintiff-appellant, Linda Jewett, appeals the May 10, 1974 decision of the 'City Court of Binghamton, New York, Small Claims Part, dismissing her cause of action against the defendant, her ex-husband, for support payments allegedly in arrears.
On August 28,1971 the parties entered into a separation 'agreement whereby the defendant husband agreed to pay $40 per week for .support of the children of ithe marriage. The validity of the agreement is not questioned. Paragraph “ 9 ” of the agreement specifically provided that it was to survive a subsequent divorce, to wit: “ Nothing herein contained shall be construed as to bar or prevent either party from suing for absolute divorce in any competent jurisdiction because of any past or future fault on the other’s part, ¡but no decree obtained shall affect this agreement; both parties continue to be bound legally hereby.”
Following a decree of divorce on October 26, 1972 Broome County Family Court ordered :the defendant to pay $30 weekly in child support. Subsequently, the former wife sued in Binghamton City Court under the (separation agreement contract obligation of $40 per week less the $30 per week paid under the Family Court order. The City Court, in dismissing the suit held that the agreement between the parties for support of their children is unenforceable as being against the public policy of the State and that the Family Court order superseded and modified the contractual obligation. The basis for this conclusion was that while section 236 of the Domestic Relations Law provides that the court may direct support of the wife, section 240 of the Domestic Relations Law states that the court must give direction for maintenance of the children; therefore, the obligatory nature of the statute infers that the court alone has the power to determine and to regulate child support.
*78 The sole issue raised on appeal is whether a court order on child support at a rate less than that established by a previous contractual obligation automatically eliminates the right to sue under the contract for the difference, where the contract specifically provides that the contractual obligation is to survive the rendition of a divorce decree. We are not concerned here with the issue of whether the court has the power to modify child support under a New York divorce decree or under a merged separation agreement or by ordering an amount in excess of that fixed in a separation agreement. There is no question but that the court has the power to perform the above-mentioned modifications. We are here dealing, however, with the question of whether the parties may resort to enforcement of the separation agreement contract in addition to enforcement of support obligations ordered by the court.
It is our opinion that there is no basis for the lower court to conclude that because the court must give direction with regard to maintenance of children (Domestic Relations Law, § 240) that such a requirement, if it in fact be one, excludes previously existing valid agreements on this issue. We believe the reason for the permissive language of section 236 of the Domestic Relations Law concerning alimony is that there are certain conditions under which the right to alimony may be forfeited, i.e., the misconduct of the wife. On the other hand, child support is never forfeited, absent economic hardship. Hence, the difference in the language between the two ¡statutes. Furthermore, we note that the Practice Commentary by Professor Siegel accompanying section 240 of the Domestic Relations Law (McKinney’s Cons. Laws of N. Y., Book 14, Domestic Relations Law,. § 240) is at variance with the lower court’s rationale. The commentary states, in pertinent part (p. 363): It is interesting to note the use of the word “ must ” in section 240’s first sentence. The word in the counterpart provisions of sections 234, 236 and 237 is “ may.” But there is probably no difference attributable to the different verb. The court’s action under section 240, as under the other provisions, is dictated by its discretion; when its discretion points to a particular disposition, the court mill direct that disposition. The word “ must ” seems to fear that, in its absence, though the court’s discretion tells it to do something, it will not do it. We can probably best explain the use of the word “must” as one more legislative indication that it is more concerned with the welfare of the children than it is with the interest of their parents. But the *79 word appears to lack practical meaning in its context; “ may ” would probably serve just as well.
While it is clear that separation agreements are not binding on the courts with regard to child support in that the courts are not bound by the amount of support agreed to by the parents (Riemer v. Riemer, 31A D 2d 482; Moat v. Moat, 27 A D 2d 895), it does not follow that parties are not bound by such agreement. The law of New York has always been that so long as a support agreement stands unimpeached, the court cannot alter or modify its provisions (Galusha v. Galusha, 116 N. Y. 635). The contractual obligations continue even if incorporated in a matrimonial decree, provided they are not merged therein (Hettich v. Hettich, 304 N. Y. 8, 14). As the court pointed out in Goldman v. Goldman (282 N. Y. 296, 305), “ the direction of the court that the defendant shall pay to the plaintiff a sum less than he agreed to pay does not relieve the defendant of any contractual obligation. The direction of the court may be enforced in maimer provided by statute and plaintiff may still resort to the usual remedies for breach of a contractual obligation if there has been such a breach ”; and in McMains v. McMains (15 N Y 2d 283, 28A-285) it was held that a separation agreement u does not prevent a later modification increasing the alimony when it appears not merely that the former wife wants or by some standards should have more money but that she is actually unable to support herself on the amount heretofore allowed and is in actual danger of becoming a public charge ”, and in that case the court announced as parallel and congruent rules: “ first, that support agreements covered into divorce judgments are valid and binding until set aside for ab initio invalidity (Galusha v. Galusha, 116 N. Y. 635; Winter v. Winter, 191 N. Y. 462; Schmelzel v. Schmelzel, 287 N. Y. 21, supra); second, that subsequent decree modifications leave the prior nonmerged support contract still in existence qua contract (Goldman v. Goldman, 282 N. Y. 296, supra, and Holahan v. Holahan, 274 App. Div. 846, affd. 298 N. Y. 798).” (See, also, King v. Schults, 29 N Y 2d 718; Skolnik v. Skolnik, 75 Misc. 2d 805.)
Tn short, separation agreements, valid when made, will be enforced like other agreements and neither party acting alone nor the courts can destroy or change the agreement, and with the single exception observed in McMains, there is no impairment of any contractual right. Hence, although a court has the right to determine the amount of child support, thereby reserving court sanctions to the amount so determined, such determination has no effect upon the contractual obligations contained in a *80 valid separation agreement. A suit under the contractual obligation is a mere civil suit for breach of contract and, of course, carries with it no contempt, sequestration, or other powers that are available for the enforcement of a court decree. Therefore, if a husband and wife enter into a valid contract which is intended to survive a divorce, its terms as to support continue regardless of any reduction in the amount a court requires to be paid for support outside of the separation agreement.
Hearings in Small Claims Part of City Court are usually informal, with “ statutory provisions or rules of practice, procedure, pleading or evidence ” often being ignored and wherein the proceedings are not recorded by a court stenographer. However, Small Claims Court remains a court of law and cases must be determined “ according to the rules of substantive law ” (TICCA, >§ 1801). And while we recognize that our scope of review op small claims appeals is limited by statute, we must nevertheless insure that “ substantial justice ” has been done between the parties “ according to the rules and principles of substantive law ” (TICCA, § 1807).
In light of what we have said above, we do not believe that “ substantial justice” was, in fact, done between the present parties according to the recognized rules and principles of substantive law.
Accordingly, the judgment of the City Court dismissing plaintiff’s suit is reversed and the case is remanded for a hearing.