Louis B. Heller, J.
In this postdivorce proceeding, defendant husband seeks a downward modification in the amount of alimony and child support he is paying the plaintiff, his former wife, and a liberalization of visitation rights with his three infant children. In addition to opposing the modification in payments, although not the requested change in visitation, the plaintiff cross-moves for an order directing the defendant to submit to examination before trial with regard to his income and assets and to provide the plaintiff an accounting of all checks received by the defendant, along with copies of his income tax returns, since October, 1973.
The plaintiff obtained a judgment of divorce against the defendant in Supreme Court, Kings County on October 10, 1973. At the divorce hearing, the parties with their attorneys entered into an oral stipulation in open court whereby the defendant agreed to withdraw his answer and permit the plaintiff to proceed by way of inquest. The stipulation also covered the financial and other incidental terms of the divorce, including alimony and child support, which provisions were spread upon the record and entirely incorporated, but not merged into the judgment of divorce.
The alimony and support provision in both the decree and stipulation requires the defendant to pay to the plaintiff one half of the net amount that defendant receives on any check from any source whatsoever within five days after receipt of the check. Of the amount paid by the defendant, $20 per week is designated as alimony and the balance is for the support of the three children. The judgment and stipulation also obli *859 gates the defendant to supply the plaintiff a monthly list of all checks received for the preceding month along with copies of his income tax returns when filed.
Defendant moves to eliminate the $20 a week alimony and have the court fix a specific, but reduced, dollar amount of support for his three children, alleging that there has been a change in circumstances, to wit: (1) defendant’s income has decreased since the date of divorce; and (2) plaintiff is now employed as a teacher with income of over $13,000 a year. Defendant further claims that the provisions in the decree for alimony and support are vague and speculative, inequitable and not based upon the plaintiff’s actual needs.
Plaintiff objects as a matter of law to the modification, arguing that the oral stipulation in court, where the parties agreed upon the amount of alimony and support to be incorporated in the divorce judgment, is an enforceable contract which this court is without power to modify.
Without needing to determine in the first instance whether the oral stipulation is or is not a binding agreement, the court concludes that it has the power, for the reasons hereafter expressed, to modify the alimony and child support payments in this case.
Assuming first that the stipulation herein does not have the same conclusive effect as a contract (see Higgins v Higgins,, 119 NYS2d 103, 107; Addis v Addis, 73 NYS2d 843, 844), then only the divorce judgment itself remains to be considered. And by statutory mandate, the court is empowered upon the application of either husband or wife to annul or modify any direction for alimony or child support contained in the divorce decree (Domestic Relations Law, §§ 236, 240; Kyff v Kyff, 286 NY 71, 73; Karlin v Karlin, 280 NY 32, 36; Fox v Fox, 263 NY 68, 70; Matter of Smutny v Smutny 43 AD2d 590, 591). As was stated in Fox, "the effect of the statute is to write a reservation [of the power of the court to modify] into every final judgment of divorce.” (Fox v Fox, supra, p 70; McMains v McMains, 15 NY2d 283, 287.)
Assuming, on the other hand, that the stipulation is to be regarded as an enforceable contract incorporated but not merged into the divorce decree (see Bond v Bond, 260 App Div 781; Vranick v Vranick, 41 AD2d 663; Josephs v Josephs, 78 Misc 2d 723, 726-727; CPLR 2104), then the court must examine the impact of the underlying agreement on this statutory authority. *860 As regards alimony, the law in New York used to be that a prior agreement "was not effected by the decree granting an absolute divorce” and the court could not direct "such a modification of the judgment of divorce as would terminate the force and legal effect” of the agreement (Galusha v Galusha, 116 NY 635, 645), This principle remained intact until 1940 when the Court of Appeals in Goldman v Goldman (282 NY 296) held that a court could order a downward modification of alimony provided in a divorce judgment notwithstanding the existence of a prior agreement incorporated, but not merged into the decree. Further erosion in the old rule occurred in McMains v McMains (15 NY2d 283, supra), when the Court of Appeals reiterated its holding in Goldman and expanded the power of the court to make modifications in those cases increasing the amount of alimony "when it appears not merely that the former wife wants or by some standards shall have more money but that she is actually unable to support herself on the amount heretofore allowed and is in actual danger of becoming a public charge” (McMains v McMains, supra, pp 284-285).
As a result, therefore, of the Goldman and McMains decisions, it is clear that the court now has the power to modify the alimony terms of a divorce judgment, which incorporates but does not merge therein the provision of a prior agreement, under the two sets of circumstances just expressed (Swartz v Swartz, 43 AD2d 1012, 1013). It would appear that the prior law, i.e., the court is without power to make a modification, remains viable only in those situations where the former wife seeks an increase in alimony for reasons other than that she is in danger of becoming a public charge (Gardner v Gardner, 40 AD2d 153, 155, affd 33 NY2d 899; Hauss v Hauss, 47 AD2d 809; Eisen v Eisen, 48 AD2d 652, 653; but, see, Apkarian v Apkarian, 39 AD2d 609).
The instant case, involving as it does a downward modification of alimony payments, falls squarely within the holding of Goldman (supra), and the court may properly consider defendant’s request to eliminate the $20 per week alimony payments.
With respect to a modification of defendant’s child support payments, it is well established that a court is not bound by the provisions in an agreement for child support but may make such award as justice requires (Schiller v Mann, 44 AD2d 686, 687; Moat v Moat, 27 AD2d 895, 896; Jewett v *861 Jewett, 79 Misc 2d 76, 79), the reason being that the children are not parties to the agreement executed by their parents (Eisen v Eisen, supra; Schiller v Mann, supra; Moat v Moat, supra). The court may, therefore, modify the child support terms of the divorce judgment regardless of any prior agreement (Matter of Audrey D. v Michael O., 77 Misc 2d 230, 231; Domestic Relations Law, § 240).
The court’s conclusions thus far relate only to its power to modify the alimony and child support terms of the divorce judgment. The oral stipulation, if it be regarded as a binding agreement, remains unimpaired as its contractual provisions continue even if incorporated in a matrimonial decree, provided they are not merged therein (McMains v McMains, 15 NY2d 283, 284, supra; Swartz v Swartz, 43 AD2d 1012, supra). The law of New York has always been in such a case that so long as the support agreement stands unimpeached, the court cannot alter or modify its provisions (Galusha v Galusha, 116 NY 635, 646, supra; Goldman v Goldman, 282 NY 296, 300, supra; Schmelzel v Schmelzel, 287 NY 21, 26; Vranick v Vranick, 41 AD2d 663, supra).
Plaintiffs memorandum of law, opposing the power of the court to modify, is based entirely on the afore-mentioned proposition for which the plaintiff cites the Goldman case, amongst others. The memorandum, however, ignores the major holding of Goldman, viz., the court may make a downward modification of the divorce judgment’s terms re alimony. Perhaps, this passage from the last paragraph in the Goldman opinion best sets forth the relationship between the court’s power to modify a decree and the resulting effect on the like alimony provision in the underlying agreement: "Upon this appeal we decide only that the power of the court to direct a husband to make suitable provision for the support of his wife is complemented by the power to annul, modify or vary the direction thereafter and that a party invoking the power of the court to give such direction cannot be heard to say that the direction so given is not subject to modification thereafter. We pass upon the effect of the separation agreement only so far as is necessary to support the conclusion that the agreement cannot and does not limit the power of the court conferred by statute. We point out here that the direction of the court that the defendant shall pay to the plaintiff a sum less than he agreed to pay does not relieve the defendant of any contractual obligation. The direction of the court may be *862 enforced in manner provided by statute and the plaintiff may still resort to the usual remedies for breach of a contractual obligation if there has been such breach” (Goldman v Goldman, supra, p 305; see, also, McMains v McMains, 15 NY2d 283, 287, supra, and dissenting opn, pp 289-290; King v Schultz, 29 NY2d 718, affg 36 AD2d 810).
The same principle has been applied to the child support terms of an agreement incorporated, but not merged, in the divorce judgment (Jewett v Jewett, 79 Misc 2d 76, 79, supra).
Turning now to the question of whether the modifications should, in fact, be granted in the instant case, the court cannot make this determination on the basis of the papers submitted. The issue is to be resolved at a full hearing (Espejo v Espejo, 41 AD2d 555; Smutny v Smutny, 43 AD2d 590, supra) to be held before the court at a time fixed in the order to be settled herein. At the hearing, defendant will have the burden of proving that the alleged changes in circumstances warrant the modifications sought. The defendant’s reduced income and the plaintiff’s current earnings are factors which will be considered by the court in " 'a nice but realistic balancing of the wife’s needs and her independent means for meeting them with the husband’s abilities to pay’ ” (Kover v Kover, 29 NY2d 408, 416; Kirsch v Hirsch, 37 NY2d 312, 316; Swartz v Swartz, supra, 43 AD2d 1012, 1013, 1014). These same factors, along with the best interest of the children, will also govern modification of the child support terms (2 Foster-Freed, Law and the Family, § 26:25; Philips v Philips, 281 App Div 1041; Domestic Relations Law, § 240). Moreover, while this court does not regard the alimony and child support arrangement — viz., 50% of all income checks received by the defendant — as vague or uncertain, a question does arise as to whether the provision necessarily relates to the wife’s or children’s needs. As was said in McMains v McMains (15 NY2d 283, 288, supra): "A wife is not entitled to a share of her husband’s income as such” (see, also, Clarkson v Clarkson, 42 AD2d 1028; Roscini v Roscini, 41 AD2d 895).
The court will also consider at the hearing a liberalization of the defendant’s visitation rights.
With regard to plaintiff’s cross motion, her request for a pretrial examination of defendant as to his income and assets is granted. Defendant shall appear for such examination on June 14, 1976, at 10 a.m. in Special Term, Part II of this court *863 or at such other time, date and place as the parties may provide in the order.
Defendant is further directed to submit to plaintiffs attorney at least five days prior to the date of defendant’s pretrial examination, all of the checks and income tax returns sought by the plaintiff pursuant to the divorce decree.