■    In the Matter of JANET SHIPLEY, Appellant, v PETER SHIPLEY, Respondent.—Order, Family Court, New York County, entered March 18, 1976, granting respondent's application for a downward modification of the support provisions of a divorce judgment and, by implication, denying appellant's application for enforcement of the support provisions of the said judgment, unanimously reversed, on the law and the facts, and the matter

is remanded for a plenary hearing and an adjudication *de novo,* without costs or disbursements. In June, 1974, petitioner wife obtained a judgment of divorce in the New York Supreme Court. She was granted custody of the issue of the marriage, two children aged 10 and 11. The judgment incorporated a stipulation requiring the husband to pay $225 per week, $150 thereof being allocated for the support of the children. He failed to make the requisite payment of $150 per week and petitioner commenced this proceeding on November 25, 1975 in the Family Court. Thereafter, the husband moved for a downward modification of the alimony and support payments. Both parties appeared, without counsel, on March 18, 1976. The Judge presiding swore both parties, questioned them, and received in evidence certain documents from the husband showing a net operating loss from his solely owned business for the fiscal year ending January 31, 1975. The court denied petitioner's request for an audit of the books of respondent's business. Thereafter, the court reduced the husband's obligation for child support from $150 to $100 per week. This appeal followed. Evidence of a net operating loss for the fiscal year ending January 31, 1975 is not sufficient basis for a downward modification. The proof offered failed to establish the requisite *change* in respondent's financial circumstances at the time of his application in the Family Court, as compared to his financial circumstances at the time the support provisions were made, as would warrant relief by the court. *(Matter of Greene v Hannon,* 39 AD2d 681, 682; Family Ct Act, § 461, subd [b]; § 466, subd [c].) The burden of establishing such a change is upon the one who seeks a reduction. *(Gutillo v Gutillo,* 30 AD2d 484, 486; *Matter of Schwartz v Schwartz,* 23 AD2d 204.) We recognize the tremendous pressure under which Family Court Judges function. We realize that there is little, if any, time for niceties and formalities; nevertheless, there are minimal requirements that must be observed. This matter requires a plenary hearing. Concur—Stevens, P. J., Burns, Capozzoli, Lane and Nunez, JJ.