In the Matter of DERRICA STURGEON, Respondent, v JOHN F. STURGEON, Appellant. — Levine, J.

The parties to this proceeding were married in 1969. Following marital disputes, they separated and cross actions for divorce were commenced in 1981. These actions were disposed of by a stipulation between the parties in open court on February 18, 1982 which (1) permitted the husband to obtain a divorce by default on the ground of abandonment; (2) waived any maintenance to the wife; (3) provided for the husband's payment of child support for the three children of the marriage at the rate of a total of $100 a month from March 1982 to July 1982, $200 a month for the following year and $300 a month thereafter; and (4) awarded the wife the sum of $8,600 in full satisfaction of her equitable distribution claim to an interest in the marital residence (minimally having a net worth of $28,000), said award to be paid in scheduled installments and secured by a second mortgage on the property. A judgment embodying the foregoing terms was granted in late April 1982.

The following March, the husband filed a petition in Family Court to modify downward the child support provisions of the decree. The wife cross-petitioned for enforcement of arrears. After an evidentiary hearing, Family Court dismissed the husband's petition and granted the wife an order of enforcement which directed that she receive a judgment for $1,400 representing outstanding arrears. The husband's appeal followed.

The order should be affirmed. The record amply supports Family Court's conclusion that the husband failed to establish any material adverse change in his financial circumstances since the stipulation was entered into and the decree granted. Proof of such a change in circumstances has been statutorily required as a condition to any Family Court modification of the child support provisions of a divorce decree from the inception of the Family Court (Family Ct Act § 461 [b] [ii]) and has been consistently so construed (*see, e. g., Matter of Shipley v Shipley,* 55 AD2d 577, 578; *Gutillo v Gutillo,* 30 AD2d 484, 486).

At best, the husband's proof established that meeting his support obligations under the decree was onerous because the

sales from the medical instrument manufacturing business he started in 1981 had not increased significantly since the divorce and because he had to pay a $1,720 installment of the equitable distribution award. Obviously, the fact that his business had not *improved* since the divorce did not satisfy the requirement of proof of an adverse change in his financial circumstances to justify a reduction in child support. This is especially so here, where child support was set modestly in partial recognition of the fact that his income in starting a new business was minimal. It is equally obvious that, having agreed at the time of the divorce to make equitable distribution payments to the wife in exchange for her interest in marital property, he could not later utilize such payments as a basis for reducing his child support obligations.

Order affirmed, with costs. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.