BARBARA MERL, Appellant, v PAUL MERL, Respondent.

In *Matter of Boden v Boden* (42 NY2d 210, 213), the Court of Appeals stated "the courts have the power to modify the provisions pertaining to child support in a separation agreement" in a situation where there has been an unreasonable and unanticipated change in circumstances. This principle is only applicable where the issue raised involves a reallocation between the parents of their obligation to support their children, in contrast to a situation where the issue involves the right of the children to receive adequate support (*Matter of Brescia v Fitts,* 56 NY2d 132). Plaintiff has conceded that this appeal only concerns a reallocation problem. Under the unique circumstances of this

case, including the fact that the children in issue have secured a legal change of their surname (*see, Cohen v Schnepf,* 94 AD2d 783), the children's relationship with defendant has totally disintegrated, at least in part as a result of their hostility towards him (*see generally, Matter of Roe v Doe,* 29 NY2d 188), and the plaintiff mother has failed to satisfy her obligation to encourage the children's relationship with defendant, we conclude that the court correctly decided that there had been an adequate demonstration of an unreasonable and unanticipated change in circumstances such as to warrant a reallocation of the support obligations of the parties (*Matter of Boden v Boden, supra*). Thompson, O'Connor and Rubin, JJ., concur.

Titone, J. P., dissents, in part, and votes (1) to reverse so much of the order as granted defendant's motion to modify the provisions of the separation agreement and (2) to deny that motion, with the following memorandum:

Although I, too, am sympathetic to the defendant's plight, a contract is a contract and I can perceive no legal basis for Special Term's order which rewrites the agreement of the parties. Accordingly, I must dissent from so much of this court's determination as does so.

When, as here, "parts of a separation agreement are incorporated into but not merged within a divorce decree, the separation agreement continues in effect as a separate and independent contractual arrangement between the parties * * * [T]he courts of this State enjoy only limited authority to disturb the terms of a separation agreement * * * [and] any attempt to confer upon a court of any jurisdiction within the United States broad powers to modify the terms of a separation agreement might well run afoul of constitutional limitations upon the State's power to tamper with vested contractual rights" (*Kleila v Kleila,* 50 NY2d 277, 283-284).

None of the cases relied upon by Special Term or cited by the majority are authority for excision of defendant's contractual support obligation. *Matter of Boden v Boden* (42 NY2d 210) holds that a court, in essence, is not bound by the provisions of a separation agreement with respect to child support and may direct upward modification under certain specified circumstances because minor children are not parties to a separation agreement executed by their parents and are entitled to support as a matter of statutory law irrespective of such agreement (*Matter of Brescia v Fitts,* 56 NY2d 132; 2 Foster-Freed, Law and the Family § 28:28). *Boden* simply cannot be read as authorizing a court to rewrite the contract between the parties.

True, the statutory right of support may be forfeited by a child's conduct toward the parent (*Matter of Parker v Stage,* 43 NY2d 128; *Matter of Roe v Doe,* 29 NY2d 188; *Matter of McCarthy v Braiman,* 100 AD2d 589). I am unaware of any authority, however, which would terminate contractual rights or obligations. "It is well settled that so long as a separation agreement stands unimpeached, the court ordinarily cannot alter or change a provision for separate maintenance and support of the * * * children, without the consent of both parties, even though there is proof of changed circumstances" (2 Foster-Freed, Law and the Family § 28:63, pp 471-472; *see also, Surlak v Surlak,* 95 AD2d 371, 375-376, *appeal dismissed* 61 NY2d 906).

*Jewett v Jewett* (79 Misc 2d 76) is squarely on point. In that case, the Broome County Court, reversing a judgment of the Small Claims Part of City Court of Binghamton, held that under an unmerged separation agreement incorporated in a divorce decree, the wife could always maintain an action based on the separation agreement despite the fact that the Family Court had modified the divorce decree and reduced the amount of child support. Judge Smyk's analysis is worth quoting in full (*Jewett v Jewett,* 79 Misc 2d, 76, 79-80, *supra*):

"While it is clear that separation agreements are not binding on the courts with regard to child support in that the courts are not bound by the amount of support agreed to by the parents (*Reimer* v. *Reimer,* 31 A D 2d 482; *Moat* v. *Moat,* 27 A D 2d 895), it does not follow that parties are not bound by such agreement. The law of New York has always been that so long as a support agreement stands unimpeached, the court cannot alter or modify its provisions (*Galusha* v. *Galusha,* 116 N. Y. 635). The contractual obligations continue even if incorporated in a matrimonial decree, provided they are not merged therein (*Hettich* v. *Hettich,* 304 N. Y. 8, 14). As the court pointed out in *Goldman* v. *Goldman* (282 N. Y. 296, 305), 'the direction of the court that the defendant shall pay to the plaintiff a sum less than he agreed to pay does not relieve the defendant of any contractual obligation. The direction of the court may be enforced in manner provided by statute and plaintiff may still resort to the usual remedies for breach of a contractual obligation if there has been such a breach'; and in *McMains* v. *McMains* (15 NY 2d 283, 284-285) it was held that a separation agreement 'does not prevent a later modification increasing the alimony when it appears not merely that the former wife wants or by some standards should have more money but that she is actually unable to support herself on the amount heretofore allowed and is in actual danger of becoming a public charge', and in that case the court announced as

parallel and congruent rules: 'first, that support agreements covered into divorce judgments are valid and binding until set aside for *ab initio* invalidity (*Galusha* v. *Galusha,* 116 N. Y. 635; *Winter* v. *Winter,* 191 N. Y. 462; *Schmelzel* v. *Schmelzel,* 287 N. Y. 21, *supra*); second, that subsequent decree modifications leave the prior nonmerged support contract still in existence qua contract (*Goldman* v. *Goldman,* 282 N. Y. 296, *supra,* and *Holahan* v. *Holahan,* 274 App. Div. 846, affd. 298 N. Y. 798).' (See, also, *King* v. *Schultz,* 29 N Y 2d 718; *Skolnik* v. *Skolnik,* 75 Misc 2d 805.)

"In short, separation agreements, valid when made, will be enforced like other agreements and neither party acting alone nor the courts can destroy or change the agreement, and with the single exception observed in *McMains,* there is no impairment of any contractual right. Hence, although a court has the right to determine the amount of child support, thereby reserving court sanctions to the amount so determined, such determination has no effect upon the contractual obligations contained in a valid separation agreement. A suit under the contractual obligation is a mere civil suit for breach of contract and, of course, carries with it no contempt, sequestration, or other powers that are available for the enforcement of a court decree. Therefore, if a husband and wife enter into a valid contract which is intended to survive a divorce, its terms as to support continue regardless of any reduction in the amount a court requires to be paid for support outside of the separation agreement".

These principles control here.