OPINION OF THE COURT
Ute Wolff Lally, J.
The question at this trial is how does a court-ordered change in custody affect the parties’ contractual obligations of child support where the separation agreement is silent?
*27 In this plenary action, plaintiff (wife) seeks a judgment, in the sum of $10,800, representing child support for the two children of the marriage at $75 per week for the period of July 15, 1985 to April 21, 1988, pursuant to a separation agreement executed by the parties on December 28, 1979. The divorce decree dated August 20, 1981, directed that said separation agreement shall survive and not be merged in the judgment of divorce.
Defendant (husband) admits that he did not pay the said $10,800 to the plaintiff and argues that he was relieved of paying said sum as a result of a change in custody and, further, that he paid it indirectly for the children’s maintenance, clothing and a nanny whom he hired to care for the children.
The parties are substantially in agreement that during the time in question the two children spent about one half of their time with each parent.
FINDINGS OF FACT
During the period of July 15, 1985 to April 21, 1988, the children spent approximately one half of their time with each party. The parties did not modify the separation agreement dated December 28, 1979, to reflect this change in custody, nor any change in child support. Defendant petitioned the Supreme Court, County of Nassau, for custody of the children. Said proceeding culminated in a decision by the Honorable Howard E. Levitt dated December 15, 1985, awarding joint custody of the children to the parties and substantially dividing physical custody equally between the parties. Furthermore, Justice Levitt’s order provided as follows: "Each party shall solely bear their respective costs for the upkeep and maintenance of the children while in their custody, and all extra expenses for help, camp and education shall be borne equally.” By an order dated January 12, 1987, the Appellate Division, Second Department, reversed said order restoring sole custody to the wife as provided in the aforesaid separation agreement and divorce decree.
discussion/decision
It is well established that a valid separation agreement which survives the divorce decree is enforceable as a contract and the parties are bound by its provisions regarding child support. (Schmelzel v Schmelzel, 287 NY 21; McMains v *28 McMains, 15 NY2d 283; Goldman v Goldman, 282 NY 296; Jewett v Jewett, 79 Misc 2d 76.)
Further, any indirect payments the defendant may have made for his children’s maintenance, nanny, etc., were made as a volunteer absent other considerations. However, in the instant case a change in custody occurred as a result of the order of Justice Levitt dated December 15, 1985, and the parties complied with said order by substantially sharing the physical custody of the children equally. It is clear that Justice Levitt directed each party to bear their own costs of maintaining the children when physically with that party and to share all extraordinary expenses equally.
Under New York law, the primary rule in construction of contracts is to ascertain and effectuate the intent of the parties. (Skandia Am. Reinsurance Corp. v Schenk, 441 F Supp 715.) However, the intent of the parties is not always clearly expressed due to such reasons as faulty draftmanship or a failure to anticipate future situations which might arise. In such cases the court must construe the language of the agreement to accord with what would have been the intention and the honorable agreement of the parties if their attention had been drawn to the possibility of such events. (Rosenthal Jewelry Corp. v St. Paul Fire & Mar. Ins. Co., 21 AD2d 160.) Thus, even when a contract does not expressly state certain terms, it is possible for the court to infer that certain unstated terms are part of the contract because of the totality of the circumstances. (Jamaica Sav. Bank v Lefkowitz, 390 F Supp 1357, affd 423 US 802; see generally, 22 NY Jur 2d, Contracts, § 199.)
In the separation agreement before this court for interpretation, the court notes that the defendant agreed to pay $75 per week for child support and the parties agreed that the plaintiff would have sole custody of the children. The court also notes that the parties intended that the defendant’s duty to pay child support would cease upon the occurrence of certain events, such as when a child "marries or becomes emancipated or self-supporting.” Unfortunately, the parties did not specifically express what effect, if any, a change from sole custody to joint custody would have upon the defendant’s duty to pay child support. Where the agreement is silent termination of child support can be implied under certain circumstances. The very essence and definition of the term "child support” dictates that a child or children must be present to be supported. Based upon the above facts and the totality of *29 the separation agreement, this court concludes that the parties intended that the defendant’s duty to pay child support at the agreed amount of $75 per week was conditioned upon the plaintiff having sole custody of the children.
The law will not permit one party to use an agreement to obtain rights thereunder (such as child support) and at the same time disregard the conditions, expressed or implied, under which such rights were granted (i.e., the mother having custody). (Hauser Indus. Sheet Metal Works v Ellar Estates Corp., 50 Misc 2d 161, revd on other grounds 28 AD2d 847; Industrial Mercantile Factors Co. v Daisy Sportswear, 56 Misc 2d 104, affd 56 Misc 2d 584.)
In view of the foregoing, this court concludes that the plaintiff has failed to prove her cause of action for breach of contract for the period of December 15, 1985 to January 12, 1987, when Justice Levitt’s order was in effect.
When Justice Levitt’s order was reversed the plaintiff once again had sole custody of the children. Although the parties continued to share the physical custody there was no evidence that they agreed to continue or acquiesced in the support provisions of Justice Levitt’s order (i.e., share the expenses). Quite the contrary, the plaintiff made several demands upon the defendant for the child support as provided in the separation agreement. While the court can imply the parties’ intent where there is silence in the agreement, it cannot rewrite an agreement. Once plaintiff had again sole custody of the children the parties were bound by the separation agreement.
Based upon the foregoing, plaintiff shall have judgment against the defendant for the period of July 15, 1985-Decem-ber 15, 1985 and again from January 12, 1987-April 21, 1988, namely, 92 weeks at $75 per week, for a total sum of $6,900. Interest on the award shall be computed upon each weekly payment as it became due.