■ In the Matter of LINDA N. ALLEN, Respondent, v DARRELL L. BOWEN, Appellant.—Mercure, J. Appeal from an order of the Family Court of Clinton County (Feinberg, J.), entered February 19, 1988, which, *inter alia,* denied respondent's cross petition, in a proceeding pursuant to Family Court Act article 4, for a downward modification of a previous order of child support.

The parties to this proceeding were married in 1977. Following marital discord, they separated in April 1985 and were divorced on December 12, 1985. The judgment of divorce incorporated, but did not merge, a separation agreement executed by the parties on August 20, 1985. The agreement provided that the parties were to have joint custody of their two children, Joshua and Gabriel. Additionally, respondent was to pay $20 per week in child support for each child and was to be solely responsible for all baby-sitting expenses during working hours and payment of all school tuition costs until the children graduate from high school. At the time of the execution of the separation agreement, respondent was employed as a Principal Law Clerk to a Supreme Court Justice, earning approximately $42,000 per year. He was terminated from his position near the end of December 1985, having received notice of termination on December 2, 1985.

Petitioner instituted this enforcement proceeding in September 1986, maintaining that respondent failed to comply with the support order since January 1986. Respondent cross-petitioned to modify downward the child support provisions of the decree. After an evidentiary hearing, the Hearing Examiner ordered respondent to pay half of the baby-sitting expenses and the nursery school expenses, and ordered that respondent's obligation to pay child support in the amount of $40 per week was suspended; however, the payments so suspended would accrue as arrears. Respondent filed objections pursuant to Family Court Act § 439 and, after a hearing before Family Court, the objections were denied. Respondent's appeal followed.

We affirm. At the outset, since it is conceded that the needs of the children are being met *(see, Quinn v Quinn,* 145 AD2d 754, 756; *see also, Matter of Brescia v Fitts,* 56 NY2d 132, 139), respondent's petition must be considered in light of whether the respective obligations of the parties should be readjusted *(see, Merl v Merl,* 110 AD2d 887, *revd on other grounds* 67

NY2d 359). It is well settled that the party seeking to obtain a reduction of support bears the burden of establishing a substantial change of circumstances *(Nordhauser v Nordhauser,* 130 AD2d 561, 562; *see, Patell v Patell,* 91 AD2d 1028, 1029).

Here, petitioner is employed by the Social Security Administration and there has been no substantial change in her income since December 1985. She has remarried, and her household includes her present husband's three children. In contrast, respondent commenced his own law practice and, although he did suffer financial hardship for a short period in 1986, the record amply supports Family Court's conclusion that his gross earnings increased to about $5,000 per month by 1987, equal to or exceeding his income as a law clerk. Thus, we conclude that respondent failed to establish a material adverse change in his financial circumstances subsequent to the execution of the agreement and the granting of the divorce decree *(see, Matter of Sturgeon v Sturgeon,* 110 AD2d 1013; *see also, Matter of Moore v Moore,* 118 AD2d 714, 715). This is particularly true here because respondent chose to open his own law practice providing a lower income initially, rather than accept a job elsewhere *(see, Lipow v Lipow,* 110 AD2d 756; *see also, Hickland v Hickland,* 39 NY2d 1, 5-6, *cert denied* 429 US 941). Furthermore, respondent was aware, prior to the entry of the divorce judgment, that he was to be terminated from his job and cross-petitioned for a downward modification only after petitioner sought enforcement of the support provisions 10 months later *(see, Scagnelli v Scagnelli,* 127 AD2d 754, 755). As a final matter, under the circumstances present here, we reject the contention that Family Court erred in rendering a decision without a transcript *(see,* 22 NYCRR 205.37 [c]).

Order affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.