OPINION OF THE COURT
Harold J. Hughes, J.
The motion of the defendant for an order modifying the order of this court dated September 28, 1989, by reducing the amount of temporary child support and maintenance will be denied.
*628 Applying the provisions of the Child Support Standards Act (L 1989, ch 567) this court in a decision dated September 22, 1989, set temporary maintenance in the sum of $100 per week, and child support in the amount of $635 per week, based upon the defendant’s 1988 Federal income tax return showing a gross income of $159,535, of which plaintiff contributed 6%. By this motion, the defendant seeks to reduce those amounts, contending that in the last three months his compensation as a stockbroker has been reduced.
"It is well settled that the party seeking to obtain a reduction of support bears the burden of establishing a substantial change of circumstances” (Matter of Allen v Bowen, 149 AD2d 828, 829). A drastic change in income can constitute a substantial change of circumstance. However, a reading of the Child Support Standards Act incorporated into section 240 of the Domestic Relations Law establishes that parental income is to be determined yearly, based upon the latest Federal income tax returns. Thus, a motion for a downward modification because of a loss of income can only be made upon the basis of a subsequent Federal income tax return establishing a sharp decline in earnings. Any other holding would inundate the courts with repeated motions to modify temporary child support orders.
This case is a perfect illustration. Defendant is a stockbroker, and by the very nature of his business, his income will fluctuate throughout the year. Adopting the defendant’s theory of allowing modification based upon temporary fluctuations in income would lead to a ludicrous result. For instance, if defendant had consummated a substantial sale next week which resulted in income of $10,000, would the plaintiff be warranted in multiplying that figure by 52, and petitioning the court for an upward modification in child support based upon a claim that the defendant’s projected yearly income was now $520,000? Of course not. The same is true with respect to the defendant’s application. Although he asserts a three-month lull in business, there is nothing to establish that sales will not pick up in the coming months and that his gross income could not be greatly in excess of the figure reported to the court in his latest Federal income tax return. Simply put, this court holds that a motion to modify child support set under the Child Support Standards Act upon a claim of reduced income can only be made based upon a new Federal income tax return showing a sharp reduction in earnings.