■ BERNARD CYMES, Respondent, v SUSAN CYMES, Appellant. [653 NYS2d 4] —Order, Supreme Court, New York County

(Elliott Wilk, J.), entered January 6, 1995, which denied defendant's motion for a downward modification of the court's March 28, 1994 child support order, and order of the same court and Justice, entered November 6, 1995, which, *inter alia*, distributed the parties' marital property, sequestered defendant's share as collateral for payment of her child support obligation, directed defendant to pay plaintiff's counsel fees, declared funds in an IRA account to be marital property, and ordered defendant to pay each child $25,000, unanimously affirmed, without costs.

The court properly determined that defendant failed to establish the existence of a change of circumstances sufficiently substantial to warrant a downward modification (*Matter of Sturgeon v Sturgeon*, 110 AD2d 1013). Based upon defendant's failure to disclose required financial information (22 NYCRR 202.16 [k] [5]), the court properly imputed income to her, which brought the award of child support well within the child support guidelines set forth in Domestic Relations Law § 240 (1-b). The award of attorney's fees was also a proper exercise of discretion (*DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881). We have considered defendant's remaining arguments and find them to be either not properly before this Court or without merit. Concur—Ellerin, J. P., Wallach, Williams, Tom and Andrias, JJ.