■ PATRICIA M. ESTES, Appellant, v RICHARD C. ESTES, Respondent.—In an action for divorce, the plaintiff wife appeals from so much of a judgment of the Supreme Court, Nassau County, dated March 1, 1976, as amended by an order of the same court, dated June 28, 1976, as (1) awarded her alimony and child support, on the ground that said awards are inadequate, and (2) in granting her exclusive occupancy of the marital residence, provided that either party could commence an action for partition without prior leave of the court. Judgment, as amended, modified, as a matter of discretion, by adding thereto a provision that, in the event defendant commences an action for partition, the same shall be without prejudice to an application by plaintiff for an increase in alimony. As so modified, judgment, as amended, affirmed insofar as appealed from, without costs or disbursements. The awards of alimony and child support are clearly within the bounds of judicial discretion. There being no showing that the interests of one party are so predominant that exclusive possession is "virtually compulsory", the court properly provided for plaintiff to have exclusive occupancy of the marital residence, but did not preclude either party from commencing an action for partition without leave of the court (see Domestic Relations Law, § 234; *Ripp v Ripp*, 38 AD2d 65, 70, affd 32 NY2d 755). However, Special Term should have also provided that plaintiff could apply for an increase in alimony in the event that defendant commences an action for partition. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.

■ GRACE GUSTIN, Respondent, v HAROLD GUSTIN, Appellant.—In a matrimonial action, defendant appeals from an order of the Supreme Court, Nassau County, entered August 10, 1976, which, *inter alia,* set aside the parties' stipulation of settlement and the judgment entered thereon. Order reversed, on the law, without costs or disbursements, motion denied, and judgment reinstated. The parties spent ample time negotiating the terms of their agreement. The provisions thereof were read aloud in open court before the parties and their attorneys. No valid ground has been shown which warrants interference with the agreement. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.

■ HARCO INDUSTRIES, INC., et al., Appellants, v OMNI-INDUSTRIES CORP. et al., Respondents.—In an action, *inter alia,* to recover damages for breach of contract, plaintiffs appeal from an order of the Supreme Court, Queens County, dated October 27, 1976, which denied their motion for summary judgment as to their causes of action and as to defendants' counterclaims. Order affirmed, with $50 costs and disbursements. The plaintiffs' motion for summary judgment, both as to their causes of action and as to the defendants' counterclaims, was properly denied. There are issues of fact which are so interwoven that all claims should be heard together. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.

■ SANDER KOLITCH, Appellant, v ABRAHAM GROSSMAN, Respondent, et al., Defendant.—In an action, *inter alia,* upon a written lease, plaintiff appeals from an order of the Supreme Court, Queens County, entered August 2, 1976, which granted respondent's motion to compel arbitration and denied his cross motion to stay arbitration. Order reversed, on the law, with $50 costs and disbursements, respondent's motion denied, and plaintiff's cross motion granted. The arbitration clause in the lease did not encompass this dispute. Consequently, it was error to grant the motion to compel arbitration. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.