EILEEN M. CLUNE, Respondent, v ROBERT J. CLUNE, Appellant.

Third Department, May 19, 1977

*John LoPinto* for appellant.

*Frank G. Panzarella* for respondent.

LARKIN, J. The parties were divorced by judgment of the Supreme Court, Otsego County, entered February 7, 1975, which directed that the issues of custody, visitation, alimony and support, counsel fees and use of the marital residence be referred to the Tompkins County Family Court. Subsequently, in April, 1975, the parties entered into a property settlement agreement providing for certain payments and child support by the appellant. When a dispute arose with respect to this agreement, petitioner commenced the proceeding in the Tompkins County Family Court, which resulted in the instant order.

The issue before this court is whether Family Court had subject matter jurisdiction to interpret and enforce the agreement in question. Initially, we note that "Family Court is a court of limited jurisdiction and cannot exercise powers beyond those granted to it by statute" (*Matter of Borkowski v Borkowski,* 38 AD2d 752, 753). The Family Court found two bases of jurisdiction: (1) the referral by the divorce decree of "all questions concerning support to this court for review"; and, (2) the enforceability of the property settlement agreement under section 425 of the Family Court Act. We disagree with the Family Court's finding of jurisdiction.

Section 461 of the Family Court Act sets forth three bases for enforcement by the Family Court of a parent's duty to support a child after a separation agreement, separation or termination of a marriage. Because the petition, as amplified at the hearing, was not an application for child support upon the ground that the appellant had not fulfilled his duty to support his children, subdivision (a) of section 461 did not confer jurisdiction upon the Family Court. Since the agreement was not incorporated into the judgment of divorce, this was not "an application to enforce the order requiring support", giving jurisdiction to Family Court under subdivision (b) of section 461. Subdivision (c) of section 461 provides that in a matrimonial action the Supreme Court may refer an application "for temporary or permanent support or both of a child of the marriage to the family court" and that, upon such referral, "the family court shall have jurisdiction to determine the application with the same powers possessed by the supreme court". Although the petition itself is ambiguous as to the relief sought, it is clear from petitioner's testimony that her purpose in bringing this proceeding was to obtain construction and enforcement of the April, 1975 agreement, and the Family Court treated her application essentially as an action for

breach of contract. On these facts, subdivision (c) of section 461 of the Family Court Act does not confer such authority upon Family Court.

The Family Court's reliance upon section 425 of the Family Court Act is also misplaced. The agreement referred to in that section is one arrived at through efforts by the probation service "to attempt through conciliation and agreement to adjust suitable cases before a petition is filed" (Family Ct Act, § 424, subd [a], par [ii]; L 1962, ch 686).

The order should be reversed, on the law and the facts, without costs and without prejudice to an application in Supreme Court.

MAHONEY, J. (dissenting). The majority's contention that Family Court lacked subject matter jurisdiction because the petition sought enforcement of a postdivorce agreement between parents and, therefore, was not an application for child support, is untenable. Since it is undisputed that subdivision (c) of section 461 of the Family Court Act confers upon Family Court jurisdiction of the issue of child support following the entry of a Supreme Court order containing such a referral (NY Const, art VI, § 13), and, further, that in acting in this area Family Court exercises all of the authority possessed by the Supreme Court (NY Const, art VI, § 7), including interpretation and enforcement of a postdivorce settlement agreement, and, further, that neither the Family Court nor dependent children are bound by the terms of an agreement between parents with respect to child support (*Schiller v Mann,* 44 AD2d 686, 687; *Moat v Moat,* 27 AD2d 895, 896), it follows that Family Court is not divested of jurisdiction merely because the petitioner seeks relief by contract enforcement rather than by application for child support. Family Court was free, after the hearing, to reject or accept the support provisions contained in the agreement or make findings of its own. While Family Court should not have incorporated the agreement into its order, it did not lose subject matter jurisdiction by so acting. To the extent that Family Court exercised authority beyond that conferred by the Supreme Court order of referral (Family Ct Act, § 461, subd [c]), the order appealed from should be modified.

The order should be modified by striking the first and fourth decretal paragraphs thereof, and, as so modified, should be affirmed.

KOREMAN, P. J., SWEENEY and KANE, JJ., concur with LAR-KIN, J.; MAHONEY, J., dissents and votes to modify in an opinion.

Order reversed, on the law and the facts, without costs, and without prejudice to an application in Supreme Court.