In the Matter of ROBERT J. VIROSTEK et al., Respondents, v JOHN M. WILKINS, Appellant.

Third Department, July 13, 1978

## APPEARANCES OF COUNSEL

*Hesson, Ford, Sherwood & Whalen (Dale M. Thuillez* of counsel), for appellant.

*McCormick, Urfirer & Brooks, P. C. (James M. Brooks* of counsel), for Robert J. Virostek, respondent.

*Charles H. Lewis* for Judith G. Virostek, respondent.

## OPINION OF THE COURT

HERLIHY, J.

This proceeding arose out of an order to show cause granted by the Essex County Family Court on July 13, 1977 wherein Robert Virostek sought an order directing the appellant to complete his auction bid purchase of the real property and improvements owned by the Virosteks. The Virosteks had been divorced by a judgment of the Supreme Court, Essex County, dated December 17, 1975. Pursuant to the terms of that judgment the Supreme Court referred all matters pertaining to the final disposition of their marital assets to the Family Court of Essex County.

The Family Court entered an order on September 21, 1976 which directed the sale of the real property and on March 24, 1977 a Referee appointed by the court sold the same to the appellant at public auction. The Referee submitted his report to the court on April 26, 1977 and on April 27, 1977 the court granted final judgment confirming the report and directing the completion of the sale.

The appellant refused to complete the sale and the petitioner commenced a proceeding in Family Court by an order to show cause to compel the appellant to complete the transaction. A hearing was held by the court on August 2, 1977 and the parties presented their evidence following which the order appealed from was entered.

The dispositive issues upon this appeal concern the jurisdiction of the Family Court over the property in question and over the appellant as a contract purchaser of the property.

*Assuming* that pursuant to section 234 of the Domestic Relations Law the Supreme Court had the power to order the sale of the marital residence simply as an incident of the divorce action (cf. *Estes v Estes,* 56 AD2d 622; *Kahn v Kahn,* 55 AD2d 638, mot for lv to app den 41 NY2d 804), such authority does not exist in the Family Court. The order of Special Term did not purport to direct the Family Court to sell the premises and the Family Court quite clearly has no independent jurisdiction to compel specific performance of a contract for the sale of real property as to a party not otherwise properly before the court.

The appellant at the hearing held herein noted through his attorney that he was not a party to any of the prior proceedings in the Family Court. As this court has recently noted

" '[the] Family Court is a court of limited jurisdiction and cannot exercise powers beyond those granted to it by statute' ". *(Clune v Clune,* 57 AD2d 256, 257.)

The order should be reversed, on the law, without costs, and the petition dismissed.

MAHONEY, P. J., GREENBLOTT, MAIN and MIKOLL, JJ., concur.

Order reversed, on the law, without costs, and petition dismissed.