OPINION OF THE COURT
M. Holt Meyer, J.
On July 15, 1975, Barbara Davidow petitioned this court *222 under the Uniform Support of Dependents Law for an order directing Anthony L. Davidow, her then husband, to furnish fair and reasonable support for herself and the five children of their marriage. Upon the consent of both parties, this court entered a temporary order of support in the above-captioned matter on August 11, 1975. Thereafter, on July 9, 1976, the Supreme Court, Montgomery County, entered a judgment of divorce dissolving the marriage of Barbara and Anthony L. Davidow, the petitioner and respondent named herein, and granting the appropriate Family Court concurrent jurisdiction as to all matters pertaining to the support, custody and visitation of the issue of the former marriage. The judgment of divorce also included an order incorporating, but not merging, a stipulation and agreement, executed on August 16, 1976, by petitioner and respondent herein, as parties to the divorce action. In relevant part, the stipulation and agreement provided: (1) that the terms of this court’s temporary order of support of August 11, 1975 continue in full force, requiring respondent to pay petitioner through the court $100 per week at the rate of $20 per week per child and to the National Commercial Bank and Trust Company of Amsterdam, New York, as first mortgagee of the marital domicile, $291.34[1] in monthly mortgage payments; (2) that the weekly support payments of $20 for each child continue until each child reached the age of 18 years or was emancipated, whichever occurred first; (3) that petitioner have the right to possess the marital domicile until the youngest child, Nicole, reached the age of 20 years or vacated said premises by reason of emancipation, whichever occurred first; and, finally, (4) that said marital domicile, immediately upon execution of the stipulation and agreement, be vacated and placed on the market for sale, with the net proceeds to be divided equally between petitioner and respondent.
Presently, petitioner has filed a violation of the original and substantially unmodified Family Court order in this matter, seeking enforcement thereof. Respondent has answered by an order to show cause based upon the judgment of divorce, the stipulation and agreement of the parties, dated August 16, 1976, and all the pleadings and proceedings had herein, moving this court for an order granting the following relief:
*223 (1) Termination of support payments for Janice and Anthony Davidow for the sole reason that each has attained the age of 18 years;[2] and
(2) A reduction in weekly child support payments reflecting a credit, retroactive to January 1, 1977, for respondent’s payment of increased monthly mortgage charges; and, finally,
(3) A construction of the judgment of divorce resolving alleged inconsistencies relating to the sale and/or continued possession of the marital domicile by petitioner.
Petitioner opposes respondent’s motion in all respects. She seeks enforcement of the terms contained in this court’s temporary order of support, dated August 11, 1975, both as to current payments and arrears.
Four issues are raised by the facts of this case and the relief herein sought:
(1) Whether a father can by agreement eliminate or diminish his duty to support his children under the age of 21 years;
(2) Whether the incorporation of such an agreement into a judgment of divorce effects said duty to support, and
(3) Whether the voluntary payment of an increase in mortgage charges on a marital domicile justifies a reduction in current weekly child support payments, when a mortgage payment rate was established in the original order as the only rate to be paid in discharging support obligations under that order; and, finally,
(4) Whether the Family Court, after a referral of support matters by the Supreme Court in a judgment of divorce, has jurisdiction to settle the property rights of the parties by determining whether the marital domicile should be placed on the market for sale.
EFFECT OF STIPULATION AND AGREEMENT Section 413 of the Family Court Act states:
"The father of a child under the age of twenty-one years is chargeable with the support of his child and, if possessed of sufficient means or able to earn such means, may be required to pay for such child’s support a fair and reasonable sum according to his means, as the court may determine.” This is a fundamental right which cannot be abrogated or derogated by *224 any act or agreement of the parents (Hoppl v Hoppl, 50 AD2d 59, 62; Belaustegui v Belaustegui, 85 Misc 2d 1015, 1019). In the instant matter, the stipulation and agreement of August 16, 1976 attempted to delimit respondent’s statutory obligation to support his children by providing for a termination of that obligation as to each child on his or her 18th birthday. This was clearly in violation of the rights of these children under section 413 of the Family Court Act. Therefore, this provision of the stipulation and agreement was void ab initio.
EFFECT OF INCORPORATION INTO JUDGMENT OF DIVORCE
When a separation or divorce agreement is incorporated, but not merged, into a judgment of divorce, the parties then possess both contractual rights under the agreement and judgment rights under the divorce decree (Goldman v Goldman, 282 NY 296). In this context, the latter are completely dependent upon the former to the extent that a general statement of incorporation in a divorce decree, without more, will only be effective in adopting whatever agreement existed at the time the decree was entered.
Therefore, if an agreement containing a void child support provision were incorporated into a judgment of divorce which failed specifically to recite said provision, the resulting judgment would only include that part of the agreement which was then valid and enforceable, thus excluding any void provision.
Would there be a different result if the divorce decree actually recited, as one of its own orders, an invalid child support term of a separation or divorce agreement? It would, but the difference would be analogous to that between void and voidable contracts, i.e., invalid ab initio and valid, subject to challenge. If such a term were invalid as contravening a controlling statute, which in this case is section 413 of the Family Court Act, it could not be argued that its specific adoption as an order in the divorce decree would, under the principle of res judicata, make such a term — now an order— forever binding on the parties, if not appealed. On the contrary, the support order, which would be equally violative of the statute, would remain subject to challenge. For although nonmodifiable absent a hearing on changed circumstances, a support order is by nature never res judicata. As was stated in Fox v Fox (263 NY 68, 70) "the effect of the statute [Domestic Relations Law, § 240] is to write a reservation [of the power of *225 the court to modify] into every judgment of divorce.” To the same effect are sections 461 and 466 of the Family Court Act.
The lack of finality referred to in these statutes obviously applies to the parties, and, a fortiori, to the beneficiary child, who is not a party to an agreement or action for separation or divorce (Matter of Boden v Boden, 42 NY2d 210; Swartz v Swartz, 43 AD2d 1012; Gutillo v Gutillo, 30 AD2d 484; Matter of Fensterheim v Fensterheim, 55 AD2d 516). As to the child, therefore, the support order in the divorce decree not only lacks finality so as to be modifiable, but it is also subject to collateral attack by the custodian parent acting in behalf of the beneficiary child in an independent proceeding. The law of New York is well settled on this point. A judgment will only be held conclusive upon those who were parties to the action in which it was rendered. Otherwise it is open to de novo challenge by a nonparty in a separate action (Schwartz v Public Administrator of County of Bronx, 24 NY2d 65, 71).
The case at bar could be decided according to the res judicata analysis advanced above. This would enable the petitioner to attack the divorce decree of July 9, 1976 as violative of section 413 of the Family Court Act, which would have to result in a successful challenge. It is unnecessary, however, to proceed under this analysis, since the court has concluded that the term of the stipulation and agreement of August 16, 1976, which provided for elimination of child support at age 18 years, was void ab initio. Furthermore, the court has found that this particular provision was not recited in the Supreme Court decree and thus not incorporated therein by general references to the agreement, which, as to said provision, was null and void. Therefore, respondent’s assertion of rights under that provision must be denied.
EFFECT OF VOLUNTARY PAYMENT OF INCREASED MORTGAGE CHARGES
As noted above, section 413 of the Family Court Act establishes a father’s duty to support his children under the age of 21 years. When a court orders a father to pay support, it determines his specific liability under the statute. If he should make support payments exceeding the limits of this liability, his actions will be strictly voluntary and any such expenditures will be completely gratuitous. Consequently, they can have no per se effect on said father’s continuing court ordered obligation to support his children (Sipprell v Merriweather, 54 AD2d 613).
*226 In the instant matter, an order of this court, which survived the judgment of divorce of July 9, 1976,[3] required respondent to pay $291.34 per month in mortgage charges on the parties’ former marital domicile. When the mortgagee increased these charges, respondent freely and without obligation paid the increase. These additional outlays must be viewed by this court as gifts, which will not relieve respondent of his statutory duty, as imposed by court order. Therefore, respondent’s application for a credit on future support payments by reason of his past payments of the mortgage increase must be denied.
FAMILY COURT JURISDICTION OVER PROPERTY SETTLEMENTS
The Family Court is a court of limited jurisdiction and cannot exercise any powers beyond those expressly granted in the Constitution and statutes which have created it (Matter of Borkowski v Borkowski, 38 AD2d 752, 753; Clune v Clune, 57 AD2d 256, 257).
In section 13 (subd c) of article VI of the New York State Constitution the Family Court is given "jurisdiction to determine, with the same powers possessed by the supreme court * * * applications to enforce judgments and orders of support”. This authority is implemented by sections 461 and 466 of the Family Court Act. Therefore, in support matters so referred, this court possesses jurisdiction in both law and equity (NY Const, art VI, § 7). This has been interpreted by Capelli v Capelli (42 AD2d 905, 906) as granting the Family Court power to decide a property award in a dispute concerning the possession of the marital domicile. However, this is only if such a property settlement relates directly to the issue of support. As is noted in Capelli (supra, p 906): "Since lodging is as much a part of support as are monetary awards, we think that this grant of authority embraces the provisions of section 234 of the Domestic Relations Law which authorize the Supreme Court to settle questions of the right to possession of property between parties to matrimonial actions.” It must be emphasized, therefore, that this court has no such equity jurisdiction to order postmarital property settlements if unrelated to the matter of support. This principle has been recently reaffirmed by Matter of Virostek v Wilkins (63 AD2d 207, 208) which held that "the power to order the sale of the *227 marital residence simply as an incident of the divorce action * * * does not exist in the Family Court.”
In the motion now before the court, respondent seeks "a plenary hearing to resolve certain mutually inconsistent provisions of the aforesaid Judgment of Divorce relating to whether or not the parties should forthwith sell the home presently occupied by petitioner, dividing the net proceeds equally between them.” Since the ultimate decision sought by this request is a determination of whether or not the marital residence should be sold "simply as an incident to the divorce action,” (Matter of Virostek, supra, p 206) the court must dismiss subsection (c) of respondent’s motion for lack of subject matter jurisdiction.
Accordingly, for all the reasons stated above, respondent’s motion is denied as to subsections (a), (b), (d) and (e) and dismissed as to subsection (c).
Furthermore, there having been no sufficient proof as to the emancipation of Janice and Anthony Davidow, but only unsupported and self-serving statements made in testimony on October 27, 1978,[4] which statements were totally irrelevant to the issues raised by respondent’s motion,[5] it is ordered, adjudged and decreed
(1) that the temporary order of support of this court, dated August 11, 1975, which was made permanent by the judgment of divorce, dated July 9, 1976, by reason of its incorporation of the stipulation and agreement of August 16, 1976, has been and remains in full force and effect; and it is further ordered, adjudged and decreed
(2) that respondent has been and remains obligated, pursuant to said order, to pay petitioner $100 per week in support of the five children of their former marriage, who are all presently under the age of 21 and unemancipated; and it is further ordered, adjudged and decreed
(3) that respondent has been and remains obligated pursuant to said order to pay to the first mortgagee of the parties’ former marital domicile $291.34 towards the monthly mortgage charges; and it is finally ordered, adjudged and decreed
*228 (4) that all arrears be calculated consistently with this decision, making no allowance for the credits herein sought by respondent.

. An unexplained discrepancy exists between the Family Court order of August 11, 1975 and the stipulation and agreement of August 16, 1976. In the former, mortgage payments are $291.34; in the latter they are $291.

. Respondent also requests that the termination of support for these two children be retroactive to the date of each child’s 18th birthday, resulting in a credit on future payments for any support paid for their benefit after those dates.

. In the stipulation and agreement of August 16, 1976, the parties agreed to continue the Family Court order of August 11, 1975. This provision was incorporated into the judgment of divorce, which was thus survived by the Family Court order.

. Respondent claimed that Janice Davidow was married and had one child and that Anthony Davidow was employed.

. Respondent remains free to allege and prove the emancipation of Janice and
Anthony Davidow by petition to modify the outstanding support order. Until now, he has not chosen to do so.