■ ERNEST J. DE HART, Appellant, v LUELLA C. DE HART, Respondent. —Appeal from an order of the Supreme Court at Special Term, entered December 23, 1977 in Columbia County, which referred an application to modify the support provisions in a judgment of divorce to the Family Court of Columbia County. On January 6, 1975, by decree of the Supreme Court, Columbia County, the defendant Luella C. De Hart was granted a divorce from the plaintiff Ernest J. De Hart. Among other things, the decree provided that the defendant was entitled to alimony in the sum of $30 per week, and to the exclusive use and occupancy of the residence jointly owned by her and the plaintiff. In addition, the plaintiff was ordered to pay all the taxes and insurance on such property. The decree further provided that "In the event any dispute should arise between the parties as it applies to the alimony of the defendant, exclusive use and occupancy of the residence, or the maintenance of the residence, the payment of any of the payments required to be made pursuant to the Order, either party may apply to this Court or appropriate Family Court for such relief as shall be deemed to be

just and proper including any modification of the final judgment or decree". On January 20, 1976, by order of the Family Court, Columbia County, the alimony award was reduced to $15 per week, with an additional $5 per week applied to alimony arrears. Subsequently, the divorce decree was further modified by a Family Court order which provided that when the arrears were liquidated, the support payments would be increased to $20 per week. On November 15, 1977, plaintiff moved for modification of the divorce decree at a Special Term of the Supreme Court in Columbia County. Plaintiff contended that his financial condition made it impossible for him to meet the requirements of the divorce judgment, that the defendant's financial condition was sufficient so as to render alimony and exclusive use and occupancy unnecessary, and that, accordingly, the property should be sold and the alimony reduced or eliminated. On December 23, 1977, Special Term referred the application to Family Court, Columbia County, noting that proceedings to enforce the provisions of the divorce judgment were then pending in that court, and that subdivision (a) of section 464 of the Family Court Act authorized the referral. Plaintiff contends that Family Court does not have the authority to order the sale of marital property and, accordingly, Special Term erroneously referred the application to a court lacking proper jurisdiction. The divorce decree granted the exclusive use and occupancy of the marital residence "until such time as the parties herein mutually agree to transfer the title thereof, which agreement shall be in writing or by further Order of this Court." In the case of *Capelli v Capelli* (42 AD2d 905), the court held that Family Court had subject matter jurisdiction to grant a party to a matrimonial action exclusive possession of the marital domicile. The court stated (p 906): "As we read article VI (§ 13, subd. c) of the State Constitution, when the Supreme Court refers a matrimonial case to the Family Court for the purpose of determining support and custody matters, the Family Court sits on the case with total jurisdiction as to those matters. Since lodging is as much a part of support as are monetary awards, we think that this grant of authority embraces the provisions of section 234 of the Domestic Relations Law which authorize the Supreme Court to settle questions of the right to possession of property between parties to matrimonial actions." In our opinion, Special Term properly referred plaintiff's application for a modification of support provisions of the divorce judgment to Family Court. In any determination by Family Court relative to the marital residence, the limitation in the judgment of divorce in regard to a mutual agreement to transfer title and the requirement that such agreement shall be in writing must be taken into consideration (Domestic Relations Law, §§ 234, 236; *Pap v Pap,* 51 AD2d 1091). We further find that the case of *Matter of Virostek v Wilkins* (63 AD2d 207) is not controlling here. In *Virostek,* this court held that Family Court was without jurisdiction to compel specific performance of a contract for the sale of real property owned by a couple after a judgment of divorce which referred all matters pertaining to the disposition of their marital assets. The alleged purchaser was not a party properly before Family Court and he was not a party to any of the prior proceedings in the Family Court. Order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Herlihy, JJ., concur.