In the Matter of ARLENE C. CARELLA, Respondent, v CHARLES
E. COLLINS, III, Appellant, and ALBERT M. ROSENBLATT, as
Chief Administrative Judge of the Unified Court System
of the State of New York, Intervenor-Respondent.

Third Department, January 26, 1989

APPEARANCES OF COUNSEL

*Frost & Donohue (Jerome K. Frost* of counsel), for appellant.

*Nicholas D. Morsillo* for respondent.

*Michael Colodner (Patricia P. Satterfield* of counsel), for intervenor-respondent.

## OPINION OF THE COURT

MIKOLL, J.

Petitioner and respondent were married June 28, 1975. They had three children during their marriage. Under the terms of a 1980 separation agreement, as amended in 1981, respondent was to pay $105 per week for three years for maintenance and child support. After three years, the parties were to review their circumstances and, in the event they were unable to reach an agreement, they could seek to have Family Court determine the amount of support. The parties were divorced on July 27, 1981. The divorce judgment incorporated but did not merge the separation agreement.

Various court proceedings were had which changed the maintenance and support payments on the basis of changed circumstances. On April 22, 1986, Saratoga County Family Court awarded exclusive possession of the marital residence to petitioner and ruled that the issues of support and maintenance were to be heard by a Family Court Hearing Examiner in Schenectady County.

Following a series of hearings, the Hearing Examiner, in a decision dated March 12, 1987, found that respondent was to pay approximately $1,500 per month for support. On April 15, 1987, in a decision adopting the Hearing Examiner's report, Saratoga County Family Court held that respondent was in contempt for failure to make certain payments under the Hearing Examiner's decision and sentenced respondent to 15 weekends in the Saratoga County Jail. However, this sentence was suspended upon the condition that there be full compliance with the order.

Subsequently petitioner filed violation petitions and respondent filed a modification petition alleging, *inter alia,* his inability to comply with the support order. In September 1987,

the Hearing Examiner found that respondent's noncompliance was willful and recommended incarceration. Petitioner sought to have respondent committed to jail pursuant to Family Court's order of April 15, 1987. By way of answer and cross petition, respondent asserted the defenses that the Hearing Examiner was without jurisdiction to entertain the issues and that he was financially unable to comply with the orders sought to be enforced.

On January 25, 1988, following a hearing on this matter, Family Court issued a decision and order holding that respondent had willfully violated its order of support of April 15, 1987 and directed his commitment to the Saratoga County Jail for 15 weekends. The court dismissed respondent's challenge to the jurisdiction of the Hearing Examiner as having no merit. Respondent then filed a notice of appeal regarding Family Court's April 15, 1987 order directing certain support payments and the January 25, 1988 order directing respondent's commitment. This court subsequently granted the State's Chief Administrative Judge (hereinafter intervenor) permission to intervene and a stay of respondent's sentence pending this appeal.

■ Respondent's argument that the order directing support payments should be modified to a point where he will be financially able to comply must be rejected as untimely. The order appealed from directing support payments was dated April 15, 1987. It appears that more than 30 days passed since the entry of this order and before the filing of the notice of appeal. An appeal from such order must be taken no later than 30 days from the entry and service thereof (Family Ct Act § 1113).

■ However, the appeal from the order dated January 25, 1988 sentencing respondent to 15 weekends in jail is timely. Although respondent has waived his right to attack the support obligations imposed under the April 15, 1987 order, his appeal from the commitment order may be pursued on the ground that he is financially unable to comply with his support obligations (Family Ct Act § 455).

■ Initially, we find unpersuasive intervenor's claims that respondent has waived his right to challenge the support order of the Hearing Examiner by failing to comply with the requirements of Family Court Act § 439 (e) in that respondent did not submit written objections to such order to Family Court within 30 days of entry of the Hearing Examiner's

order. Respondent is not precluded from appealing the propriety of such order by failing to submit such objections. The content of the Hearing Examiner's order is not an issue here. The issue is whether the Hearing Examiner lacked the jurisdiction to hear this case. Respondent timely appealed from an order of Family Court entered January 25, 1988 dismissing this issue. Therefore, the constitutionality of the Hearing Examiner's order is properly before this court.

■ We find without merit respondent's contention that Family Court Act § 439 is unconstitutional insofar as it authorizes the transfer of Family Court's powers from constitutionally elected Judges to nonjudicial, unelected employees of the Unified Court System. NY Constitution, article VI, § 30 vests broad power in the Legislature to make procedural rules for the courts *(Cohn v Borchard Affiliations,* 25 NY2d 237, 247). The Legislature, in enacting Family Court Act § 439, has recognized the need to "[e]xpand the powers of hearing examiners in child support cases and require the use of such hearing examiners to expedite child support determinations" (Executive Dept mem, 1985 McKinney's Sessions Laws of NY, at 3162; *see, Glass v Thompson,* 51 AD2d 69).

Even if the authority vested in Family Court Hearing Examiners could be shown to infringe in some way upon the province of Family Court Judges, any such infringement would not be an unconstitutional grant of authority because the final authority to review determinations made by Hearing Examiners is reserved for Family Court Judges *(cf., Chase v Scalici,* 97 AD2d 25). Accordingly, respondent has failed to meet the "heavy burden of demonstrating the statute's unconstitutionality" *(Babigian v Wachtler,* 69 NY2d 1012, 1013-1014).

■ We also find no merit to respondent's argument that the Hearing Examiner in Schenectady County improperly and without authorization determined issues pending in Saratoga County Family Court. The Hearing Examiner in Saratoga County was disqualified from hearing this case because he had been respondent's attorney in other Saratoga County Family Court proceedings before his appointment as a Hearing Examiner. Family Court Act § 439 (f) provides, *inter alia,* that "one or more counties may agree to share the services of a full-time hearing examiner or a hearing examiner may be appointed to serve within one or more counties on a part-time basis". Saratoga County Family Court referred the issues of support and maintenance to the Hearing Examiner in Schenectady

County by order dated April 22, 1986. Accordingly, the Saratoga County Family Court had the authority to make the referral and the Hearing Examiner in Schenectady County had jurisdiction to determine the support issues raised in the Saratoga County Family Court proceedings.

■ There is merit, however, to respondent's contention that he has shown his financial inability to comply with the terms of the support order and thus should be relieved of the commitment order. Family Court Act § 455 (2) provides that a court, "if satisfied by competent proof that the respondent is financially unable to comply with [a support] order may, upon a showing of good cause until further order of the court, modify such order and relieve the respondent from the commitment order". Family Court's conclusions appear to be based on few facts in the record, namely, that respondent made arrangements to have a certain job interview postponed until court action regarding support payments was completed; that respondent was coincidentally fired after an income execution on his salary was filed; that respondent has not been able to obtain more lucrative employment; and that respondent took a field trip to the Bahamas after selling his business. On the other hand, the record discloses numerous attempts to successfully comply with the order of support, including borrowing money or, in the alternative, to have the support order modified so as to render compliance practicable. Family Court's emphasis on respondent's alleged access to funds is not well founded in this record. There was much testimony concerning the financial status of respondent's mother from which the court could have assumed that funds were available to him, including the fact that respondent had resided with his mother rent free from 1981 and that she appears willing to offer financial assistance to him. However, the mother's financial status cannot be said to be respondent's status.

In the case at bar, the record does not demonstrate a failure to make support payments accompanied by an absence of any attempt to modify the order of support, nor does it demonstrate the failure to use any part of respondent's wages to make support payments while regularly employed so as to constitute prima facie evidence of willfulness (see, Family Ct Act § 454 [3] [a]; see also, Matter of Sands v Sands, 105 AD2d 788, lv dismissed 64 NY2d 767). Respondent made partial support payments and, at the same time, made several attempts to have the support order modified. To deprive a

person of liberty by commitment to prison, the willful violation of a prior court order must be established by clear and convincing evidence *(Matter of Cox v Cox,* 133 AD2d 828; *Bulow v Bulow,* 121 AD2d 423). Such evidence is not presented here. The commitment of respondent is not warranted on this record.

CASEY, J. P. (concurring in part and dissenting in part). In my view, there is sufficient evidence in the record to support Family Court's finding that respondent is capable of carrying out the provisions of the prior order and that he failed to do so while he was employed, while he was receiving unemployment insurance benefits and after he was reemployed. As noted by Family Court, respondent is required to use his assets and earning powers to maintain the marital standard of living *(see, Hickland v Hickland,* 39 NY2d 1, *cert denied* 429 US 941). Accordingly, I would affirm the order entered January 25, 1988.

YESAWICH, JR., and HARVEY, JJ., concur with MIKOLL, J.; CASEY, J. P., concurs in part and dissents in part in an opinion; LEVINE, J., not taking part.

Appeal from order entered April 15, 1987 dismissed, without costs.

Order entered January 25, 1988 reversed, on the law, without costs, and matter remitted to the Family Court of Saratoga County for a new trial on the issue of respondent's support obligations.