■ ARLENE M. CARELLA, Respondent, v EVERETT G. KING et al., Defendants, and CHARLES E. COLLINS, III, Appellant. [603 NYS2d 219] —Mikoll, J. P. Appeal from an order of the Supreme Court (Keniry, J.), entered July 29, 1992 in Saratoga County, which, *inter alia,* denied a motion by defendant Charles E. Collins, III for a protective order.

Plaintiff commenced an action in July 1991 seeking monetary damages from her former husband, defendant Charles E. Collins, III, and defendants Everett G. King and Elinor King.

Collins is Elinor King's son. Plaintiff contends that defendants conspired to deprive her of the use and occupancy of her home, now owned exclusively by the Kings. Collins had possessed a one-third interest in the home which he transferred to Elinor King in November 1986. Plaintiff had been awarded exclusive possession of the home by order of Family Court dated April 22, 1986. Collins and the Kings answered plaintiff's action by interposing defenses, including Collins' assertion that the April 22, 1986 order of Family Court awarding exclusive possession of the house to plaintiff was overturned by this Court (see, Matter of Carella v Collins, 144 AD2d 78, 80) and, therefore, the lawsuit was baseless. Plaintiff moved to strike the Kings' affirmative defenses and to orally depose Collins and Everett King. The Kings responded and cross-moved to consolidate this action with an RPAPL article 15 action they had commenced for possession of the house in Supreme Court and for a protective order preventing the deposition of Everett King. Collins cross-moved for a protective order pursuant to CPLR 3103 (a) preventing plaintiff from deposing him.

On July 29, 1992, Supreme Court denied Collins' motion for a protective order, denied plaintiff's motion to dismiss the affirmative defenses and denied the Kings' motion for consolidation. Collins has appealed.

Initially, we note that this appeal brings on for review only that portion of the July 29, 1986 order of Supreme Court as to which Collins was aggrieved, namely, the denial of his motion for a protective order (see, CPLR 5511; Rajchandra Corp. v Title Guar. Co., 163 AD2d 765, 768).

CPLR 3103 (a) provides that a protective order may issue to prevent "unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice". A protective order will issue only if a factual showing is made of prejudice, annoyance or privilege (see, Brignola v Pei-Fei Lee, 192 AD2d 1008). The scope and supervision of discovery is generally within the sound discretion of the court where the action is pending (Brossoit v O'Brien, 169 AD2d 1019, 1020).

Collins contends that it would be inconvenient for him to travel from Florida, where he now resides, to New York for oral examination, that he is at a disadvantage because he does not have an attorney and that plaintiff's request for discovery is an attempt to get him into the jurisdiction to affect his arrest pursuant to a Saratoga County Family Court order of January 28, 1988. We concur with Supreme Court that Col-

lins' articulated reasons are insufficient for a protective order. We find no abuse of discretion in Supreme Court's denial of a protective order.

Collins also indicates in his notice of appeal that he appeals from "each and every intermediate order made herein including but not limited to the * * * April 22, 1986 [Saratoga County Family Court order] and * * * September 8, 1989 [Saratoga County Family Court order]". Neither of these orders is properly before us. The record bears no evidence that an appeal was ever taken from either order. The time to appeal support orders is 30 days (Family Ct Act § 1113), which time has long ago elapsed.

Yesawich Jr., Mercure, Crew III and Mahoney, JJ., concur. Ordered that the order is affirmed, without costs.