■ In the Matter of Arlene M. Carella, Respondent, v Charles E. Collins, III, Appellant. Elinor S. King, Appellant. [644 NYS2d 68] —Yesawich Jr., J.

The current round of litigation between these parties, who were divorced in 1981, was begun with a petition charging that respondent had violated previous Family Court directives, including an order entered September 8, 1989 which mandated that he pay $120 per week in child support for the parties' children and $30 per week for arrears. Respondent then cross-petitioned for, *inter alia*, custody of the children, and the Supervisor of the Support Collection Unit of Saratoga County filed an additional petition, on behalf of petitioner, alleging that respondent violated a support order. Respondent then filed a second application, seeking to have petitioner held in contempt for frustrating his right to visitation.

A hearing was held at which evidence was received with respect to the issues raised in these four petitions, after which respondent was found to have wilfully violated the terms of Family Court's prior orders, and petitioner was awarded $35,859 in arrearages, as accrued from September 1989 through December 29, 1994 (the date of the court's order), along with counsel fees. Custody was continued in petitioner, with

respondent to have visitation "subject to the wishes of the children", the youngest of whom was then 14 years old. The Support Collection Unit's petition was dismissed as procedurally defective, and respondent's application to hold petitioner in contempt was dismissed for lack of proof. Respondent appeals. In addition, respondent's mother, Elinor King, who currently owns the residence where petitioner and the children have been living since 1984 (hereinafter the house), seeks review of Family Court's order of December 29, 1994 insofar as it affects her property and financial interests. Though King was not a party to the underlying action, her motion to file a brief and to consolidate the appeals was granted.

We affirm. Many of respondent's arguments on appeal have been raised previously, and been rejected, or are aimed at the propriety of earlier Family Court orders, the time to appeal from which has long since expired (*see, e.g., Carella v King*, 198 AD2d 567, 569; *Matter of Carella v Collins*, 144 AD2d 78, 82). To the extent that respondent's objections to the orders and judgment at hand are germane and timely, they are groundless.

Family Court's finding that respondent is not entitled to a credit against his child support arrears for amounts he has expended to provide petitioner and the children with housing was not improper. As the court noted, respondent failed to submit any proof of the amounts he purportedly spent for this purpose; indeed, petitioner testified that respondent's failure to make mortgage payments for approximately a year resulted in the commencement of a foreclosure proceeding, and that it was King who eventually satisfied the debt. Moreover, the September 8, 1989 order establishing respondent's child support obligation demonstrates that Family Court was fully aware of the housing situation. Although that order does not explicitly direct that respondent continue to provide housing for his children, read as a whole it clearly evinces the court's intent to require that he make weekly child support payments of $120, in addition to any other amounts he might advance to supply petitioner and the children with shelter.

Respondent's related contention—that Family Court erred, when calculating his child support obligations, in failing to consider the value of the housing he has provided as imputed income to petitioner—is not properly before us, as it is essentially a challenge to the underlying order, dated September 8, 1989, from which no appeal was taken (*see, Carella v King, supra*, at 569; *Matter of Barol v Barol*, 95 AD2d 923, 925).

Respondent's claim that he was entitled to a jury trial on

the violation petitions, and the complementary suggestion that Family Court Act § 435 (a) is unconstitutional for failing to afford one, are also meritless. To support his argument in this regard, respondent attempts to characterize the potential money judgments that can arise from a finding of violation (*see*, Family Ct Act § 454 [2] [a]; [3]) as "fines", and urges that these fines, along with the other statutory remedies and sanctions—including incarceration, probation and the opportunity to invoke certain enforcement mechanisms (such as sequestration of assets and income execution)—constitute sufficiently serious "punishment" as to trigger the right to a jury trial. The monetary awards at issue (for support arrears and counsel fees) are not punitive in nature, however, but are remedial, intended to compensate a petitioner and the subject children for actual losses brought about by the violator's conduct. Being akin to civil contempt fines or penalties, they are not considered punishment for the purpose of determining whether a jury trial must be permitted (*see, Matter of Department of Hous. Preservation & Dev. v Deka Realty Corp.*, 208 AD2d 37, 49).

Nor are Family Court's findings and conclusions with respect to the issues of custody, visitation and respondent's willful violation of the prior support orders improper or unwarranted. The record evidence establishes, *inter alia*, that respondent has continuously placed his own interests above those of his children, by, for example, leaving the State for several years and failing to visit the children or pay any support during that time, because he believed that he was being denied his constitutional right to a public trial. In addition, respondent paid substantial sums, and expended large amounts of time, pursuing his spurious legal claims, while ignoring his support obligations and refraining from looking for gainful employment that would enable him to meet those obligations. These facts, coupled with the lack of any proof substantiating respondent's allegations of abuse and neglect by petitioner, provide ample basis for Family Court's denial of his petition for custody, as well as its determination that he wilfully violated the support orders (*see, Matter of Pirie v Law*, 92 AD2d 701, 702). Furthermore, the visitation provisions are not inappropriate given the children's ages, their wishes, and their prior and continuing interaction with respondent.

Having been afforded a public hearing, respondent's insistence upon his entitlement to one is moot. His claims that several of the applicable statutory provisions are unconstitutional have either been previously rejected by this Court (*see, Matter of Carella v Collins*, 144 AD2d 78, 82, *supra*) or are plainly

meritless. To the extent that Family Court Act §§ 449 and 451 can be interpreted as treating the recipient and the payor of support differently, it suffices to note that those parties are not similarly situated, as the recipient has custody of the children and a concomitant need to obtain funds for their support, while the payor does not.

As for King's arguments, she maintains that Family Court erred in granting petitioner sole possession of the house, and ordering respondent to pay the mortgage and other expenses associated with that dwelling, in contravention of her rights as a part owner thereof. The instant order, however, does not affect King's ownership interest in any respect, but merely declines to provide respondent with a credit for the mortgage payments he ostensibly made. Moreover, examination of the earlier Family Court orders that established and continued respondent's duties to furnish petitioner with housing reveals that petitioner has not at any time been awarded title to, or an absolute right to occupy, the premises in derogation of King's rights of ownership; rather, those orders explicitly recognized the possibility that petitioner and the children might be "dispossessed" and provided that, should that occur, respondent was to furnish them with "suitable alternate housing". Hence, King has at all times been free to exert her ownership interest. Respondent's remaining contentions have been considered and are without merit.

Crew III, J. P., White, Peters and Spain, JJ., concur. Ordered that the orders and judgment are affirmed, without costs.