■ In the Matter of CHARLES E. COLLINS, III, Appellant, v ARLENE C. CARELLA, Respondent. (Proceeding No. 1.) In the Matter of ELINOR S. KING, Appellant, v ARLENE C. CARELLA et al., Respondents. (Proceeding No. 2.) [676 NYS2d 696] —Yesawich Jr., J. Appeals (1) from an order of the Family Court of Saratoga County (Kramer, J.), entered May 6, 1997, which, in a proceeding pursuant to Family Court Act article 4, granted respondent's motion to dismiss the petition in proceeding No. 1, (2) from an order of said court, entered August 27, 1997, which, in a proceeding pursuant to Family Court Act article 4, denied petitioner's motion for reconsideration in proceeding No. 1, and (3) from an order of said court, entered September 26, 1997, which, in a proceeding pursuant to Family Court Act article 4, granted respondent Arlene Collins Carella's motion to dismiss the petition in proceeding No. 2.

In these two proceedings, petitioners, Elinor S. King and Charles Collins, III, seek vacatur of a Family Court order entered on April 22, 1986 on the ground that the court exceeded its jurisdiction by awarding respondent Arlene Collins Carella (hereinafter respondent), Collins' former wife, exclusive possession of a house presently owned by King and her husband (who is not a party to these proceedings). Previous court decisions disclose that after Collins and Carella divorced in 1981, Collins had voluntarily undertaken to provide housing for Carella and their three children, and had purchased the house with his mother and father, jointly, for that purpose. Collins thereafter deeded his one-third interest in the house to King.

In its 1986 order deciding issues of child support, custody and visitation, Family Court found, *inter alia*, "[t]hat to allow [Collins] to exclusively occupy or to dispose of the subject premise, without providing a suitable substitute, would be adverse to the best interests of the children". Accordingly, the court awarded Carella exclusive possession of the house until all of the children of the marriage reach age 21 or are emancipated, or until she remarries or permits another adult to occupy the premises on a permanent basis (other than as a live-in babysitter or housekeeper). The order went on to provide that if Carella and the children were "dispossessed" from the premises, Collins was to "provide adequate and suitable alternate housing * * * without delay".*

Petitioners now contend, *inter alia*, that inasmuch as Family Court has no jurisdiction to effect a general property distribution incident to a divorce (*see, e.g., Matter of Virostek v Wilkins*, 63 AD2d 207, 208; *Matter of Borkowski v Borkowski*, 38 AD2d 752, 753), and no jurisdiction over property purchased after the parties' divorce and owned entirely or partially by third parties (the Kings), these provisions are null and void and should be vacated pursuant to CPLR 5015 (a) (4). We disagree. Where, as here, the issue of support has been expressly referred to Family Court (in this case, the reference was contained in the parties' amended separation agreement, which was incorporated into the divorce decree), that court is empowered to decide matters related to the possession of property if they are directly pertinent to the issue of support (*see, Capelli v Capelli*, 42 AD2d 905, 906; *Matter of Davidow v Davidow*, 97 Misc 2d 220, 226). And, as Family Court noted in its bench decision granting respondent's motions to dismiss the instant petitions, respondent was awarded possession of the property

---

* In an attempt to regain possession of the property, the Kings have commenced an ejectment proceeding, which apparently has not yet been resolved.

852

as "part and parcel of the necessary support of the family"; in formulating the 1986 support order, the court "was merely saying that this housing should be part of the support obligation of Mr. Collins * * * based upon the need and the best interest of the family and the children". Under the circumstances, we are not persuaded that Family Court exceeded its jurisdiction such that vacatur would be warranted.

As for King's arguments that Family Court did not have jurisdiction over her person or her property, this Court has previously rejected these arguments (*see, Matter of Carella v Collins*, 228 AD2d 725, 728, *appeal dismissed, lv denied* 89 NY2d 854) for the order, read as a whole, was clearly intended only to impose upon Collins a duty to provide suitable lodging for his dependents, not to impinge upon King's ownership rights. It does not preclude her from exercising those rights; indeed, it expressly recognizes the possibility that Carella and the children may be dispossessed from the property, presumably by forces beyond Collins' control, and requires that he take certain actions should that occur.

Petitioners' remaining arguments have been considered and found wanting.

White, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the orders are affirmed, with costs.