■ In the Matter of ARLENE M. CARELLA, Respondent, v CHARLES E. COLLINS, III, Appellant. (And Another Related Proceeding.) [707 NYS2d 526] —Rose, J. Appeal from an order of the Family Court of Saratoga County (Feldstein, J.), entered December 15, 1998, which, *inter alia*, dismissed the application of Charles E. Collins, III, in a proceeding pursuant to Family Court Act article 4, to modify an order of child support.

Family Court's order resolved six petitions and two supplemental applications: one by Arlene M. Carella (hereinafter petitioner), six by Charles E. Collins, III (hereinafter respondent) and one by the Saratoga County Department of Social Services (hereinafter DSS). Petitioner and respondent, who were married in 1975, are the parents of three children, two of whom were under age 21 at the time of Family Court's order. Since their divorce in 1981, the parties have engaged in extensive litigation dealing with issues of custody, visitation, housing and support.[1]

After holding hearings, Family Court granted some applications and denied others finding that, *inter alia*, respondent had willfully violated an order to pay the children's past-due medical bills in the amount of $800, nonwillfully violated an order to pay a portion of petitioner's utility bills, had violated no

1. The record references 14 prior orders. The parties have also been before this Court on five prior occasions (*Matter of Collins v Carella*, 251 AD2d 850; *Matter of Carella v Collins*, 228 AD2d 725, *appeal dismissed, lv denied* 89 NY2d 854; *Matter of Carella v Collins*, 204 AD2d 831, *appeals dismissed, lv dismissed* 84 NY2d 850; *Carella v King*, 198 AD2d 567; *Matter of Carella v Collins*, 144 AD2d 78).

court order in not paying a $35,858 judgment for support arrears, and was not required to supply housing to petitioner after March 1, 1999. The court also rejected respondent's argument that suspension of his driver's license was based on an invalid support order, but stayed the suspension pending further fact finding concerning whether he was given the prescribed prior notice. Respondent now appeals and we affirm.

Respondent's initial contention that no prior order had required him to make payment for past-due medical bills to petitioner, rather than to the provider, has no merit. Although the March 12, 1987 order directed each party to pay one half of the past-due bills without stating to whom the payment was to be made, the underlying March 5, 1987 decision clearly specified that payment was to be made to petitioner and that petitioner was responsible to pay the providers. Similarly, respondent's argument that vacatur of his obligation to pay petitioner's utility bills should have extended to all past-due bills overlooks the fact that this Court's finding concerning his inability to pay the expenses listed in the March 12, 1987 order (*Matter of Carella v Collins*, 144 AD2d 78) and Family Court's subsequent redetermination of his support obligation were retroactive only to December 2, 1987, the time of the filing of the petition to modify that obligation (*see*, Family Ct Act § 449 [2]; *Matter of Simmons v Hyland*, 235 AD2d 67, 71). Thus, survival of a portion of the arrears was properly recognized by Family Court.

Respondent next challenges Family Court's conclusion that an earlier written decision, dated April 22, 1986, was an enforceable court order even though not identified as such. This decision stated that respondent was obligated to provide housing to petitioner and the parties' children until all the children were 21 years old or emancipated. While it may have been inartful for the court to denominate the document a "Decision" on its first page and in a cover letter, the document unambiguously communicated the court's disposition of the matter and its penultimate paragraph stated "it is further ordered," implying that the preceding determinations also were "ordered". Also, since Family Court's original orders are filed with the court's clerk (*see*, Family Ct Act § 217 [2]), as was this decision, respondent's contention that this decision is not enforceable as an order because it was never entered is meritless. Moreover, as respondent did not appeal this order, he is bound by its directions.

Respondent also contends that Family Court's December 29, 1994 order, which continued, *inter alia*, respondent's child sup-

port obligation retroactive to December 2, 1987, is not a lawful or enforceable order because it fails to comply with the Child Support Standards Act (Family Ct Act § 413) (hereinafter CSSA). We concur in Family Court's determination that this issue is precluded under the doctrine of res judicata because respondent previously appealed that order (*Matter of Carella v Collins*, 228 AD2d 725, *appeal dismissed, lv denied* 89 NY2d 854). Res judicata precludes not only those issues "actually litigated previously, ' "but also those which [might] have been" raised in the former action' " (*Lake George Park Commn. v Salvador*, 245 AD2d 605, 607, *lv dismissed, lv denied* 91 NY2d 939, quoting *Moss v Medical Liab. Mut. Ins. Co.*, 224 AD2d 762, 763, quoting *Culver v County of Rensselaer*, 139 AD2d 853, 854-855, *lv denied* 72 NY2d 807; *see, Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 348-349). Respondent cannot now attack the validity of an order that this Court has upheld.

Respondent further contends, for the same reason, that the December 29, 1994 order cannot serve as the basis for suspension of his driver's license. Where a person is brought before the court for failing to obey a lawful order of support, and the court finds that the person has failed to comply with such order, the court may exercise any of the powers of enforcement enumerated in Family Court Act § 454. Suspension of driving privileges is one such power (Family Ct Act § 454 [2] [e]). Thus, Family Court correctly held that suspension of respondent's driver's license could be sustained if he had been given the prescribed statutory notice because respondent had violated the December 29, 1994 order.

Respondent also argues that since he demonstrated a change of circumstances warranting modification of the April 22, 1986 order requiring him to provide housing to petitioner and his children separate from his general child support obligation, Family Court should not have extended his housing obligation until March 1, 1999.[2] In the decision and order being appealed, Family Court stated that his obligation was being continued for 2½ months "[i]n order to provide the petitioner with adequate time to find other suitable housing arrangements and to allow [the parties' youngest child] to complete his high school credits". This was an authorized and appropriate interim provision for the needs of the child because shelter is an important component of child support and respondent's general obligation to provide child support was not terminated.

---

**2.** Although this date passed over a year ago, the issue is not moot because respondent claims that he would be entitled to rent for the time he provided housing if he were not required to do so.

Respondent's final contention is that Family Court improperly refused to take any action against Arlene Palumbo, the DSS support investigator, for signing and filing a petition stating that the decision and order of April 15, 1987 required respondent to pay $120 per week in child support and $30 per week in arrears. Although the specified decision and order contained different amounts of support and arrears, an order of September 8, 1989 required respondent to pay the amounts stated in Palumbo's petition. At its hearings, Family Court found this discrepancy to be a clerical error and ruled that it was irrelevant because Palumbo's petition had been dismissed.

As a court of record, Family Court may exercise its contempt power to punish a deceitful statement in appropriate circumstances (*see*, NY Const, art VI, § 1 [b]; Family Ct Act § 156; Judiciary Law § 753 [2]). Here, the court clearly found no basis to do so and correctly recognized that it had no jurisdiction over allegations of criminal conduct (*see*, NY Const, art VI, § 13). Instead, the court properly referred respondent to law enforcement officials and the District Attorney. Thus, again respondent has failed to demonstrate any grounds for us to disturb the rulings of Family Court.

Cardona, P. J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.