■ In the Matter of CHARLES E. COLLINS III, Appellant, v ARLENE M. CARELLA, Respondent, et al., Respondent. (And Another Related Proceeding.) [916 NYS2d 532]—

Rose, J. Appeals (1) from an order of the Family Court of Saratoga County (Pritzker, J.), entered November 9, 2009, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to, among other things, vacate prior orders of child support, and (2) from an order of said court (Hall, J.), entered March 5, 2010, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to vacate a prior order for the entry of a money judgment.

Petitioner and respondent Arlene M. Carella were divorced in 1981 and, since then, they have been engaged in extensive Family Court litigation concerning, among other things, child support. In the two proceedings on appeal, petitioner seeks to vacate accrued child support arrears by challenging the validity of underlying orders entered September 8, 1989 and December 29, 1994, and an order directing the entry of a money judgment entered February 9, 1995.

Petitioner cannot now challenge the 1989 order, having failed to take a timely appeal (*see Matter of Carella v Collins*, 228 AD2d 725, 726 [1996], *appeals dismissed, lvs denied* 89 NY2d 854 [1996]; *Carella v King*, 198 AD2d 567, 569 [1993]). His challenge to the 1994 order is also precluded, as we have previously reviewed that order on appeal and affirmed it (*Matter of Carella v Collins*, 228 AD2d at 726; *see Matter of Carella v Collins*, 272 AD2d 645, 646-647 [2000]). Petitioner's argument that the 1995 order is invalid because it was based upon an April 1987 support order that we allegedly overturned is likewise without merit. We did not overturn the support obligations imposed by the 1987 order, but merely vacated a subsequent finding that his violation of that order was willful (*see Matter of Carella v Collins*, 144 AD2d 78, 83-84 [1989]). Petitioner's remaining arguments, including his contention that his former appellate counsel was ineffective, have been considered and found to be without merit.

Peters, J.P., Spain, Kavanagh and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.